| | |
|---|---|
| SAMIR DEGER-SEN* <br> samir.deger-sen@lw.com <br> WILLIAM M. FRIEDMAN* <br> william.friedman@lw.com <br> LATHAM & WATKINS LLP <br> 555 Eleventh Street, NW <br> Suite 1000 <br> Washington, D.C. 20004-1304 <br> Tel: 202.637.2200 <br> Fax: 202.637.2201 <br><br> AMANDA BARNETT (SBN 319046) <br> amanda.barnett@lw.com <br> JESSIE CAMMACK (SBN 329794) <br> jessie.cammack@lw.com <br> LATHAM & WATKINS LLP <br> 355 South Grand Avenue, Suite 100 <br> Los Angeles, California 90071-1560 <br> Tel: 213.485.1234 <br> Fax: 213.891.8763 | AHILAN ARULANANTHAM <br> (SBN 237841) <br> aarulanantham@aclusocal.org <br> MICHAEL KAUFMAN <br> (SBN 254575) <br> mkaufman@aclusocal.org <br> JESSICA KARP BANSAL <br> (SBN 277347) <br> jbansal@aclusocal.org <br> MICHELLE (MINJU) CHO <br> (SBN 321939) <br> mcho@aclusocal.org <br> ACLU Foundation of Southern California <br> 1313 West 8th Street <br> Los Angeles, CA 90017 <br> Telephone: (213) 977-9500 |

Attorneys for Plaintiffs-Petitioners
*Pro hac vice* application forthcoming

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KELVIN HERNANDEZ ROMAN, BEATRIZ ANDREA FORERO CHAVEZ, MIGUEL AGUILAR ESTRADA, on behalf of themselves and all others similarly situated, <br><br> Petitioners-Plaintiffs, <br><br> v. <br><br> CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; DAVID MARIN, Director of the Los Angeles Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and JAMES JANECKA, Warden, Adelanto ICE Processing Center, <br><br> Respondents-Defendants. | Case No. 5:20-cv-00768 <br><br> **ADELANTO COVID PETITIONERS'-PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROVISIONAL CLASS CERTIFICATION** |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................1

II. ARGUMENT .......................................................................................................4

    A. The Proposed Class Meets The requirements Of Rule 23(a)(1)-(4) ....................................................................................................4

        1. Numerosity ......................................................................................4

        2. Commonality ...................................................................................5

        3. Typicality ........................................................................................7

        4. Adequacy of Representation ...........................................................8

    B. The Proposed Class Meets The Requirements Of Rule 23(b)(2) ...............................................................................................................9

    C. Class Treatment Is Necessary To Conserve Judicial Resources And Avoid Arbitrary Relief .................................................11

III. CONCLUSION ..................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Abdullah v. U.S. Sec. Assocs., Inc.*,
  731 F.3d 952 (9th Cir. 2013) .................................................................................. 5

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ................................................................................................ 8

*Armstrong v. Davis*,
  275 F.3d 849 (9th Cir. 2001) .................................................................................. 5

*Baharona-Gomez v. Reno*,
  167 F.3d 1228 (9th Cir. 1999) ................................................................................ 3

*Carrillo v. Schneider Logistics, Inc.*,
  No. 11-cv-8557, 2012 WL 556309 (C.D. Cal. Jan. 31, 2012) .............................. 3

*Castillo v. Barr*,
  No. CV2000605TJHAFMX, 2020 WL 1502864 (C.D. Cal. Mar. 27, 2020) ................................................................................................... 11, 12

*Cervantez v. Celestica Corp.*,
  253 F.R.D. 562 (C.D. Cal. 2008) .......................................................................... 2

*Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Trust*,
  317 F.R.D. 91 (N.D. Cal. 2016) ............................................................................ 4

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) .................................................................................. 5

*Fraihat v. Wolf*,
  TRO and Order to Show Cause, No ED-CV2000590-TJH (C.D. Cal. Mar. 30, 2020) ......................................................................................... 11

*Haley v. Medtronic, Inc.*,
  169 F.R.D. 643 (C.D. Cal. 1996) .......................................................................... 3

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................................ 8

*Helling v. McKinney*,
    509 U.S. 25 (1993) .................................................................................. 7

*Hernandez v. Wolf*,
    TRO and Order to Show Cause at 13, No. 5:20-cv-0617-TJH (C.D. Cal. April 1, 2020) .............................................................................. 1

*Hum v. Dericks*,
    162 F.R.D. 628 (D. Haw. 1995) ............................................................... 4

*Kincaid v. City of Fresno*,
    244 F.R.D. 597 (E.D. Cal. 2007) .............................................................. 4

*Kuang v. United States Dep't of Def.*,
    340 F. Supp. 3d 873 (N.D. Cal. 2018) ...................................................... 8

*Lyon v. United States Immigration & Customs Enforcement*,
    300 F.R.D. 628 (N.D. Cal. 2014) .......................................................... 4, 7

*Meyer v. Portfolio Recovery Assocs., LLC*,
    707 F.3d 1036 (9th Cir. 2012) ................................................................... 3

*Parsons v. Ryan*,
    754 F.3d 657 (9th Cir. 2014) ............................................................... 7, 11

*Pole v. Estenson Logistics, LLC*,
    No. CV 15-07196 DDP (EX), 2016 WL 4238635 (C.D. Cal. Aug. 10, 2016) ................................................................................................. 5

*Rannis v. Recchia*,
    380 Fed. App'x 646 (9th Cir. 2010) .......................................................... 4

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993) ..................................................................... 5

*Robles Rodriguez v. Wolf*,
    No. 5:20-CV-00527 (C.D. Cal. Apr. 3, 2020) ECF Nos. 35-39, 42-43 ........................................................................................................... 11

*Rodriguez v. Hayes*,
    591 F.3d 1105 (9th Cir. 2009) ........................................................ *passim*

*Saravia v. Sessions*,
   280 F.Supp.3d 1168 (N.D. Cal. 2017), *aff'd* 905 F.3d 1137 (9th
   Cir. 2018) ................................................................................................................ 3

*Savino v. Souza*,
   Memorandum & Order at 21, No. 1:20-cv-10617 (D. Mass. 2020),
   ECF No 64 ...................................................................................................... 2, 3, 6

*Sueoka v. United States*,
   101 Fed. App'x. 649 (9th Cir. 2004) ........................................................................ 4

*Torres v. Nielsen*,
   Case No. 18-cv-02602 (C.D. Cal), Dkt. No. 127-1 .................................................. 9

*Unknown Parties v. Johnson*,
   163 F. Supp. 3d 630 (D. Ariz. 2016) ........................................................................ 5

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ................................................................................................. 5

*Walters v. Reno*,
   145 F.3d 1032 (9th Cir. 1998) ................................................................................ 10

**RULES**

Fed. R. Civ. P. 23(a)(1) .................................................................................................. 4

Fed. R. Civ. P. 23(a)(2) .................................................................................................. 5

Fed. R. Civ. P. 23(a)(3) .................................................................................................. 7

Fed. R. Civ. P. 23(b)(2) ................................................................................................ 10

**TREATISES**

7A Mary J. Kane, *Fed. Prac. & Proc. Civ.* § 1763 (3d ed. 2018) ............................... 6

## I. INTRODUCTION

Petitioners-Plaintiffs ("Plaintiffs") are immigrants held at the Adelanto ICE Processing Center ("Adelanto") under conditions that all but assure they will become victims of the COVID-19 global pandemic. COVID-19, as the Court knows, is a highly infectious viral contagion spreading at an exponential rate across the United States, including in the areas surrounding Adelanto. The only known effective measure to protect people from COVID-19 infection is "social distancing," or remaining physically separated from known or potentially-infected individuals. *See* Decl. of Robert B. Greifinger in Support of Mot. for a Prelim. Inj. ("Greifinger Decl."), ¶ 4, 11; Decl. of Dr. Todd Schneberk in Support of Mot. for a Prelim. Inj. ("Schneberk Decl.") ¶ 33.

Under current population levels, social distancing is not possible in Adelanto. The Court has already found as much,[1] and the Government does not dispute it.[2] It is therefore only a matter of time until the virus enters Adelanto and spreads like wildfire—as it has in jails, prisons, and detention centers across the country. Plaintiffs therefore seek a class-wide preliminary injunction to ensure that social distancing is enforced at Adelanto until the threat of the virus passes.

The Court has already acted decisively in the face of this danger by granting numerous applications for temporary restraining orders from immigrants in

---

[1] *See, e.g., Hernandez v. Wolf*, TRO and Order to Show Cause at 13, No. 5:20-cv-0617-TJH (C.D. Cal. April 1, 2020), ECF No 17 ("Hernandez has not been protected. He is not kept at least 6 feet apart from others at all times. He has been put into a situation where he has been forced to touch surfaces touched by other detainees, such as with common sinks, toilets and showers. Moreover, the Government cannot deny the fact that the risk of infection in immigration detention facilities – and jails – is particularly high if an asymptomatic guard, or other employee, enters a facility.").

[2] *See Robles Rodriguez v. Wolf*, Opp. Br. to Application for TRO at 19, No. 5:20-cv-00-627-TJH (C.D. Cal. March 31, 2020) ECF No. 28 (describing social distancing as a "desirable strategy" but arguing that implementing social distancing would essentially require "shuttering" Adelanto).

Adelanto. However, Adelanto has the capacity to detain more than 1,900 detainees. *See* Schneberk Decl. ¶ 23. As each day passes, the Court will likely become inundated with more individual claims for release, if it has not already. Which applicants have the ability to file claims will depend on their access to a lawyer. The result will be an arbitrary and inefficient process where most Adelanto detainees will remain detained and at grave risk of contracting COVID-19.

To avoid this situation, Plaintiffs move for provisional class certification in order to seek a class-wide preliminary injunction. As the United States District Court for the District of Massachusetts recently concluded in certifying a class of immigration detainees challenging their detention under unconstitutional conditions in the face of the COVID-19 pandemic, "At bottom, a common question of law and fact in this case is whether the government must modify the conditions of confinement—or, failing that, release a critical mass of Detainees—such that social distancing will be possible and all those held in the facility will not face a constitutionally violative substantial risk of serious harm. Crucial to the Court's determination is the troubling fact that even perfectly healthy detainees are seriously threatened by COVID-19. To be sure, the harm of a COVID-19 infection will generally be more serious for some petitioners than for others. Yet it cannot be denied that the virus is gravely dangerous to all of us." *Savino v. Souza*, Memorandum & Order at 21, No. 1:20-cv-10617 (D. Mass. 2020), ECF No 64.

The same is true here. *All* detainees in Adelanto are at risk; their ability to obtain relief should not depend on their access to lawyers. *Rodriguez v. Hayes*, 591 F.3d 1105, 1123 (9th Cir. 2009) (certification of class of detained immigrants warranted because it would "obviat[e] the severe practical concerns that would likely attend [class members] were they forced to proceed alone."); *Cervantez v. Celestica Corp.*, 253 F.R.D. 562, 567 (C.D. Cal. 2008) ("Class actions have two primary purposes: to further judicial economy by avoiding multiple suits and to protect the

rights of persons who 'might not be able to present claims on an individual basis.'") (quoting *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 647 (C.D. Cal. 1996)).

To respond to this crisis, Plaintiffs propose as one possible means of remedying Proposed Class Members' injuries that this Court issue an injunction to implement a truncated system for considering Proposed Class Members' claims for release. The proposal is modeled on the system now utilized for ICE detainees in the District of Massachusetts. *See Savino v. Sousa*, Mem. & Order at 7, 29, No. 20-cv-10617-WGY (D. Mass. Apr. 8, 2020), ECF No. 64 (emphasis added).[3]

Federal courts in the Ninth Circuit "routinely grant provisional class certification for purposes of entering [preliminary] injunctive relief" under Rule 23(b)(2), when the plaintiffs establish that the four prerequisites in Rule 23(a) are also met. *Carrillo v. Schneider Logistics, Inc.*, No. 11-cv-8557, 2012 WL 556309, at *9 (C.D. Cal. Jan. 31, 2012) (citing *Baharona-Gomez v. Reno*, 167 F.3d 1228, 1233 (9th Cir. 1999)); *see also Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012) (finding district court did not abuse its discretion by provisionally certifying class for purpose of entering preliminary injunction); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1202 (N.D. Cal. 2017) (provisionally certifying class of detained immigrant children), *aff'd* 905 F.3d 1137 (9th Cir. 2018).

Rule 23's requirements are easily satisfied here. The Court should therefore provisionally certify the following Proposed Class for the purposes of the preliminary injunction Plaintiffs seek:

---

[3] Under that system, until such time as Defendants have implemented social distancing at Adelanto, this Court would entertain release requests submitted in simple two-page forms containing the essential information this Court needs: biographical information; proposed release plan (residence address and related information); medical conditions; and criminal history. Defendants may respond in submissions of similar length if they wish to contest any particular release order. They may also present to the Court at any time proof that they have implemented social distancing within the facility, which would obviate the need to utilize the expedited procedures

3

All immigrants incarcerated at the Adelanto Immigration and Customs Enforcement Processing Center.

## II. ARGUMENT[4]

### A. The Proposed Class Meets The Requirements Of Rule 23(a)(1)-(4)

#### 1. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "There is no magic number" for determining when the numerosity requirement has been satisfied," and "[c]ourts have certified classes with as few as thirteen members." *Hum v. Dericks*, 162 F.R.D. 628, 634 (D. Haw. 1995). Plaintiffs need only "show some evidence of or reasonably estimate the number of class members." *Kincaid v. City of Fresno*, 244 F.R.D. 597, 601 (E.D. Cal. 2007) (citation omitted). Where, as here, a plaintiff "seek[s] only injunctive and declaratory relief, the numerosity requirement is relaxed and plaintiffs may rely on [] reasonable inference[s] . . . that the number of unknown [members] is sufficient to make joinder impracticable." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Trust*, 317 F.R.D. 91, 100 (N.D. Cal. 2016) (internal quotation marks omitted) (citing *Sueoka v. United States*, 101 Fed. App'x. 649, 653 (9th Cir. 2004)).

The Proposed Class is sufficiently numerous. Plaintiffs seek relief on behalf of all persons detained at Adelanto. Currently, there are approximately 1,300 detainees.[5] That number standing alone satisfies the numerosity requirement. *See Rannis*, 380 Fed. App'x at 651 ("In general, courts find the numerosity requirement satisfied when a class includes at least 40 members."); *see also Lyon v. United States Immigration & Customs Enforcement*, 300 F.R.D. 628, 636 (N.D. Cal. 2014)

---

[4] Plaintiffs incorporate by reference the factual background discussed in the accompanying Memorandum in Support of Plaintiffs' Motion for a Preliminary Injunction. *See* Mem. in Support of Mot. for a Prelim. Inj. Pt. II.

[5] *See Robles Rodriguez v. Wolf*, Decl. of Gabriel Valdez, ¶ 14 No. 5:20-cv-00-627-TJH (C.D. Cal. March 31, 2020), ECF No. 28-1.

(finding proposed class of ICE detainees of approximately 1,500 detainees sufficiently numerous).

Furthermore, "the [lack of] ability to individually bring suit counsels in favor of finding numerosity." *Pole v. Estenson Logistics, LLC*, No. CV 15-07196 DDP (EX), 2016 WL 4238635, at *5 (C.D. Cal. Aug. 10, 2016); *see also Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993) (holding that because putative class members "are also economically disadvantaged" this factor weighed in favor of class certification). Most Proposed Class members cannot file individual lawsuits because they lack counsel and cannot file *pro se*. *See* Compl. ¶ 5. Moreover, absent class certification, the Court will be flooded with dozens, perhaps hundreds, of individual claims—enough to strain judicial resources, while nonetheless leaving many vulnerable individuals without relief. *Rodriguez*, 591 F.3d at 1123.

2. Commonality

Rule 23(a) next requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). However, all questions of law and fact need not be common to satisfy Rule 23(a). *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). Instead, commonality requires plaintiffs to demonstrate that their claims "depend upon a common contention . . . [whose] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Commonality can be satisfied by a single common issue. *See, e.g., Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (Commonality "does not . . . mean that *every* question of law or fact must be common to the class; all that Rule 23(a)(2) requires is a single *significant* question of law or fact.") (citations and internal quotation marks omitted).

When a plaintiff is seeking injunctive and declaratory relief, commonality is present "where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Unknown Parties v. Johnson*, 163 F. Supp. 3d 630, 635 (D. Ariz. 2016) (quoting *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir.

5

2001)). Indeed, suits for injunctive or declaratory relief "by their very nature often present common questions satisfying Rule 23(a)(2)." 7A Mary J. Kane, *Fed. Prac. & Proc. Civ.* § 1763 (3d ed. 2018); *see also Rodriguez*, 591 F.3d at 1122-25 (finding commonality satisfied in habeas class action involving challenges to prolonged immigration detention without bond hearing).

The Proposed Class meets the commonality requirement because all class members are subject to the same practices: Defendants' unwillingness or inability to institute social distancing and related measures at Adelanto. While it is true that COVID-19 poses a higher likelihood of serious illness or death for certain class members, it is also true that *all* detainees are at risk. *See* Schneberk Decl. ¶¶ 16-19. Up to twenty percent of COVID-19 hospitalizations in the United States are of people under 44. *Id.* And while some young people who become seriously ill from COVID-19 have medical conditions, many do not. *Id.* For example, in New York, about a third of people in their 30s who died from the virus had no pre-existing conditions. *Id.* As another court recently found, "To be sure, the harm of a COVID-19 infection will generally be more serious for some petitioners than for others. Yet it cannot be denied that the virus is gravely dangerous to all of us." *Savino v. Souza*, Memorandum & Order at 21, No. 1:20-cv-10617 (D. Mass. 2020), ECF No 64.

The claims brought by the named Plaintiffs on behalf of the Proposed Class raise a number of common questions of law and fact, including:

    a) Whether the Proposed Class Members are able to adequately social distance in Adelanto at all times, and whether the Proposed Class Members are in fact adequately social distancing in Adelanto;

    b) Whether the failure to institute social distancing subjects the Proposed Class to a heightened risk of serious illness and death violates the Proposed Class Members' Fifth Amendment Due Process rights.

This Proposed Class presents a much easier case than other classes that have been held to meet the commonality requirement. For example, in *Lyon* the court held

that a proposed class challenging ICE's policies regarding detainee access to phone calls at three northern California detention centers was sufficiently common to meet the requirements of Rule 23, notwithstanding variations between facilities. 300 F.R.D. at 642 ("[T]he overarching claim is that ICE detainees in these facilities are denied effective access to telephones and that this impedes communications with counsel, family, and others . . . . The fact that the precise practices among the three facilities may vary does not negate the application of a constitutional floor equally applicable to all facilities."). The court certified a similar class in *Unknown Parties v. Johnson*. 163 F. Supp. 3d at 636-40 (finding commonality satisfied when proposed class challenged various conditions of confinement at eight Customs and Border Patrol facilities near Tucson, Arizona). Here, there is only one facility and only one overarching issue: whether ICE officials have violated Plaintiffs' Fifth Amendment rights by exposing them "to a serious, communicable disease . . . that is more than very likely to cause a serious illness." *See Castillo v. Barr*, No. CV2000605TJHAFMX, 2020 WL 1502864 ("Castillo TRO"), *9 (C.D. Cal. Mar. 27, 2020) (citing *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). That obviously presents a common issue amenable to class treatment.

### 3. Typicality

Federal Rule of Civil Procedure 23(a)(3) requires that "the claims . . . of the representative parties [be] typical of the claims . . . of the class." "[T]he typicality requirement is permissive and requires only that the representative's claims are reasonably coextensive with those of absent class members; they need not be substantially identical." *Rodriguez*, 591 F.3d at 1124 (quotation marks omitted). "The test of typicality is 'whether other members [of the class] have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (citation omitted). Typicality is satisfied "when each class member's claim arises from the

same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez*, 591 F.3d at 1124 (quotation omitted).

The Proposed Class meets the typicality requirement because the named Plaintiffs and Proposed Class members are all individuals who are detained at Adelanto, and their claims all arise from the same failure to adequately implement social distancing at Adelanto in response to COVID-19. *See* Compl. ¶ 46. Finally, they all will suffer the same harm: the significant and avoidable risk of serious illness or death. Schneberk Decl. ¶¶ 14-19; *see, e.g.*, *Kuang v. United States Dep't of Def.*, 340 F. Supp. 3d 873, 892 (N.D. Cal. 2018) (finding typicality requirement met when "named Plaintiffs and putative class members have all suffered, and continue to suffer, the same general injury").

### 4. Adequacy of Representation

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." The adequacy inquiry asks: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). This requirement "tend[s] to merge with the commonality and typicality criteria of Rule 23(a)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) (internal quotation marks omitted).

Both requirements are plainly satisfied here. First, there is no conflict between the named Plaintiffs and other members of the Proposed Class. The named Plaintiffs and other class members have the same injury and seek the same relief—namely, (1) a declaration that conditions of confinement for all individuals held at the Adelanto Detention Facility are currently unconstitutional under the Fifth Amendment Due Process Clause because they do not permit social distancing; and (2) a Writ of Habeas Corpus or an injunction remedying those practices. *See* Compl. ¶¶ 81-85; *Kuang*, 340 F. Supp. 3d at 892 (finding adequacy requirement met in part because

"named Plaintiffs have a similar alleged injury as the rest of the proposed class"). Second, the named Plaintiffs have confirmed their willingness to vigorously prosecute this action, and their commitment to ensuring "that all people facing the current dangerous conditions in Adelanto benefit from this case just as [they] do." Decl. of Ruth Calvillo in Support of Mot. for a Prelim. Inj. ¶ 27; *see also* Decl. of Erika Roman in Support of Mot. for a Prelim. Inj.; Decl. of Lesly Gaona in Support of Mot. for a Prelim. Inj.; Decl. of Christina Avalos in Support of Mot. for a Prelim. Inj.[6]

Moreover, the Proposed Class is represented by counsel from the American Civil Liberties Union Foundation of Southern California and Latham and Watkins LLP. Counsel has extensive experience litigating class action lawsuits and other complex cases in federal court, including civil rights lawsuits on behalf of imprisoned immigrants. *See* Decl. of Jessica Bansal. Counsel will vigorously represent the Proposed Class.

**B. The Proposed Class Meets The Requirements Of Rule 23(b)(2)**

In addition to satisfying the four prerequisites of Rule 23(a), the Proposed Class qualifies for class treatment under Rule 23(b)(2). Rule 23(b)(2) requires Plaintiffs establish that "the party opposing the class has acted or refused to act on

---

[6] ICE has placed severe restrictions on attorneys' ability to access their clients at Adelanto, including limitations on in-person visits unless attorneys bring their own personal protective equipment, which is obviously in very short supply. See Motion for TRO at 10-17, *Torres v. Nielsen*, Case No. 18-cv-02602 (C.D. Cal), Dkt. No. 127-1 (describing current limitations on attorney-client communication at Adelanto and seeking emergency relief to ensure detainees maintain basic access to counsel during the COVID-19 pandemic); Decl. of Gabriel Valdez ("Valdez Decl.") ¶ 26 *Robles Rodriguez v. Wolf*, Case No. 5:20-cv-00627-TJH-GJS (C.D. Cal. Apr. 7, 2020), ECF No. 45-1. In addition, ICE provides no effective way for attorneys to conduct confidential calls with clients detained at Adelanto. *See* Mot. for TRO at 10-17, *Torres v. Nielson*, Case No. 18-cv-02602 (C.D. Cal. Mar. 26, 2020), ECF No. 127-1. As a result, and because of the urgency of the situation, in lieu of declarations from Plaintiffs-Petitioners themselves, the attorneys representing Plaintiff-Petitioners in their administrative removal proceedings have provided declarations describing the facts of their cases. A temporary restraining order requiring that the government take steps to improve access to counsel at Adelanto was granted on April 11, 2020. *Torres v. Nielson*, Case No. 18-cv-02602 (C.D. Cal), Dkt. No. 144.

grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

"Rule [23](b)(2) was adopted in order to permit the prosecution of civil rights actions." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998). As a result, "'[i]t is sufficient' to meet the requirements of Rule 23(b)(2) [that] 'class members complain of a pattern or practice that is generally applicable to the class as a whole.'" *Rodriguez*, 591 F.3d at 1125-26 (citation omitted) (finding that class of noncitizens detained during immigration proceedings met Rule 23(b)(2) criteria because "all class members [sought] the exact same relief as a matter of statutory or, in the alternative, constitutional right"); *id.* at 1125 ("The fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2).").

The class Plaintiffs seek to certify is a paradigm Rule 23(b)(2) class. First, Defendants are acting on grounds that are generally applicable to the class because they subject all members of the Proposed Class to the same policies or practices— namely, the class as a whole is not able to practice adequate social distancing and protect themselves from COVID-19 infection. *See* Compl. ¶ 1. Second, the injunctive relief requested by Plaintiffs is appropriate for the class as a whole. The class requests uniform relief in the form of 1) a declaration that Defendants' current detention practices in Adelanto violate the Fifth Amendment Due Process Clause because they do not permit social distancing as necessary to minimize infection with COVID-19; and (2) an injunction mandating social distancing, including by establishing expedited release procedures available to *all* Class members, so as to bring Adelanto's population to a level where Defendants can implement appropriate social distancing for all remaining detainees.[7] *See id.* at 23-24. In order to comply

---

[7] Plaintiffs describe this proposed procedure in more detail in their Proposed Order Granting their Motion for Preliminary Injunction.

with that injunction, Defendants must quickly release enough detainees to ensure that those remaining at the facility are able to engage in appropriate social distancing.[8]

Because this remedy would afford the same relief to all members of the Proposed Class, certification under Rule 23(b)(2) is appropriate. See *Parsons*, 754 F.3d at 689 (finding declaratory and injunctive relief proper as to class where "every [member] . . . is allegedly suffering the same (or at least a similar) injury and that injury can be alleviated for every class member by uniform changes in . . . policy and practice"); *Rodriguez*, 591 F.3d at 1126 (certifying Rule 23(b)(2) class of imprisoned immigrants where class sought uniform procedure for release, because "relief from a single practice is requested by all class members").

### C. Class Treatment Is Necessary To Conserve Judicial Resources And Avoid Arbitrary Relief

In the past several weeks, this Court has seen a flurry of requests for relief from immigrants detained in Adelanto. The Court has acted decisively. *See Castillo* TRO at *6 (granting temporary restraining order on behalf of two Adelanto detainees); *Fraihat v. Wolf*, TRO and Order to Show Cause, No ED-CV2000590-TJH, at *12 (C.D. Cal. Mar. 30, 2020) (granting temporary restraining order on behalf of one Adelanto detainee); *Robles Rodriguez v. Wolf*, No. 5:20-CV-00527 (C.D. Cal. Apr. 3, 2020), ECF Nos. 35-39, 42-43 (granting temporary restraining orders on behalf of six Adelanto detainees). Moreover, in doing so, the Court has explained that "[u]nder the Due Process Clause, a civil detainee cannot be subject to the current conditions of confinement." *Castillo* TRO, at *5. That holding is true for all Proposed Class Members.

---

[8] While Defendants may object that the proposed remedy does not run to all Class members (because not all of them need to be released to comply with Plaintiffs' demand), this objection misunderstands Plaintiffs' claim. Plaintiffs seek to stop the government from holding all Class members in unsafe conditions. Granting the relief sought here would provide that relief for everyone. Whether inside or outside the facility, all Class members would see the ongoing violation of their Fifth Amendment rights remedied.

The only way for the Adelanto detainees to have equal access to potentially life-saving relief is a class-wide remedy. The Court has already stated, "Unless an Adelanto habeas case is filed as a class action, each case shall be limited to a single petitioner." *Castillo v. Barr*, Minute Order, No. 5:20-cv-00605-TJH (C.D. Cal. Apr. 7, 2020), ECF No. 37. Should the Court deny Plaintiffs' motion for provisional class certification, dozens, perhaps hundreds of individual Adelanto detainees will likely file claims for relief depending on their access to lawyers or equivalent humanitarian outreach. The result will be vastly underinclusive and likely unfair. *All* of the Proposed Class Members are at grave risk of COVID-19 infection under their current conditions of confinement regardless of whether their circumstances permit them to file individual claims. The only just solution is to adjudicate the rights of detainees at Adelanto as a single unit, and provide system-wide relief compelling ICE to do what the Fifth Amendment demands.

### III.  CONCLUSION

The Court should provisionally certify the Proposed Class.

Respectfully submitted,

LATHAM & WATKINS LLP

Dated: April 13, 2020

*/s/ Amanda Barnett*
AMANDA BARNETT
Counsel for Plaintiffs