SAMIR DEGER-SEN*
samir.deger-sen@lw.com
WILLIAM M. FRIEDMAN*
william.friedman@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Tel: 202.637.2200
Fax: 202.637.2201

AMANDA BARNETT (SBN 319046)
amanda.barnett@lw.com
JESSIE CAMMACK (SBN 329794)
jessie.cammack@lw.com
LATHAM & WATKINS LLP
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Tel: 213.485.1234
Fax: 213.891.8763

AHILAN ARULANANTHAM (SBN 237841)
aarulanantham@aclusocal.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclusocal.org
JESSICA KARP BANSAL (SBN 277347)
jbansal@aclusocal.org
MICHELLE (MINJU) CHO (SBN 321939)
mcho@aclusocal.org
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-9500

Attorneys for Plaintiffs-Petitioners
**Pro hac vice* application forthcoming

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

KELVIN HERNANDEZ ROMAN, BEATRIZ ANDREA FORERO CHAVEZ, MIGUEL AGUILAR ESTRADA, on behalf of themselves and all others similarly situated,

Petitioners-Plaintiffs,

v.

CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; DAVID MARIN, Director of the Los Angeles Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and JAMES JANECKA, Warden, Adelanto ICE Processing Center,

Respondents-Defendants.

Case No. 5:20-cv-00768

**ADELANTO COVID**

**DECLARATION OF RUTH CALVILLO**

# DECLARATION OF RUTH CALVILLO

I, RUTH CALVILLO, hereby declare:

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2. I am a staff attorney at the Central American Resource Center (CARACEN). CARECEN serves immigrants of all nationalities in affirmative petitions for lawful status and defends non-citizens from deportation. In my capacity as a staff attorney at CARECEN, I represent asylum seekers, longtime undocumented residents in the U.S., and legal permanent residents in removal proceedings. In defending non-citizens from deportation, I assist my clients in applying for all available forms of relief, such as cancellation of removal, adjustment or re-adjustment of status, asylum, withholding of removal, protection under the Convention Against Torture, U visas, and bond hearings. I received a B.A. from Claremont McKenna College in 2011, with a Bachelor's Degree in Psychology. I received my J.D. from the University of Tulsa College of Law in 2016. I have been admitted to the State Bar of California since December 2016 (SBN 312129). I am also a member of the State Bar of Oklahoma.

3. I submit this declaration in support of a petition for a writ of habeas corpus and motion for temporary restraining order based on the risks of serious illness and death that my client Miguel Angel Aguilar Estrada and others in Adelanto face due to the current COVID-19 pandemic.

**Miguel Angel Aguilar Estrada**

4. I represent Miguel Angel Aguilar Estrada in his administrative removal proceedings before the Executive Office of Immigration Review (EOIR) and the Board of Immigration Appeals (BIA). I have personally represented Miguel since he became a CARECEN client in February 2020.

5. This declaration is based on my personal knowledge from representing Miguel in his removal proceedings and my review of the documents

pertaining to his immigration case.

6. Miguel is detained at the Adelanto Immigration and Customs Enforcement (ICE) Processing Center in Adelanto, California. He has been detained in Adelanto since December 2019.

7. Miguel has diabetes, hypertension, and high cholesterol.

8. Miguel is a 52-year-old citizen of Mexico. He has lived in the United States for over 30 years, including at his most recent residence for the last 12. He has significant ties to the United States, including his long-term partner Maria Calvillo, a lawful permanent resident. He has five U.S. citizen children, two of whom are still school-aged. He has long-term self-employment as a plumber and many family and friends.

9. In December 2019, Miguel was arrested by ICE in front of his home and his two young children and charged with being "present in the United States without being admitted or paroled." Miguel's merits hearing has been scheduled for June 8, 2020.

10. Miguel has numerous potential avenues to relief from removal, including a pending U Visa application for being a victim of an assault with a deadly weapon in November 2018.

11. Miguel has two convictions for non-injury driving under the influence (DUI), for incidents occurring in July 2015 and April 2017. Miguel has since made significant efforts to change his life, including giving up alcohol in April 2017. He has now been sober for 3 years. Miguel was also attending Alcoholics Anonymous voluntarily, and enrolled in an alcohol rehabilitation program that he was just a few months away from completing when he was detained by ICE.

12. Miguel has never been convicted of a violent crime, an aggravated felony, or a crime involving moral turpitude.

13. On or around March 28, 2020, Miguel was taken to the medical office at Adelanto after experiencing a vibrating pain in his chest, numbness in his hands,

and swelling in his feet. The guard who escorted Miguel to the medical office was coughing but was not wearing a mask. On this date, Miguel's mean blood glucose was over 300 mg/dL, considered by medical professionals as "very high risk." The person who examined Miguel was surprised that Miguel had not been given any medication for diabetes, as his records showed he was diabetic. He is now taking four prescribed medications: Metformin (for diabetes), metoprolol (for hypertension), atorvastatin (for high cholesterol), and aspirin (to thin his blood).

14. On or around April 10, 2020 Miguel was escorted to the medical office for a follow-up. During this visit, the medical staff examining Miguel asked him how his medical visit to check his heart and cholesterol levels had gone. Miguel was confused and informed the staff member that he had not been taken to any such appointment. The medical staff informed Miguel that they had ordered he be taken to an outside medical facility for exams. Miguel still has not been taken to any medical facility outside of Adelanto for any check-ups.

15. Miguel understands that his diabetes, hypertension, and older age are risk factors making him more vulnerable to serious illness or death if he is infected with COVID-19. Furthermore, a few months prior to being detained, he was hospitalized with pneumonia.

16. Miguel is very anxious about the possibility of becoming sick with COVID-19 at Adelanto. His anxiety about COVID-19 is heightened because the officers have not been forthcoming with the detainees about COVID-19 nor implemented sufficient measures to protect them.

17. Miguel shares a cell with three other men, and there are about 60 to 70 people in his dormitory. He says that he knows of one person in his dormitory that appeared to be sick, but he does not know if that person has been tested for COVID-19.

18. Miguel is not segregated from the general population, despite his heightened vulnerability for serious illness or death from COVID-19 due to his age

and medical diagnoses.

19. Miguel first learned about COVID-19 by watching the news on Telemundo, a Spanish-language television channel, in his dorm.

20. Miguel said the first time anyone from Adelanto told him and the other detainees anything about COVID-19 was on April 7, 2020. On that day, three sergeants from GEO came to the dormitory to speak to them about COVID-19. The sergeants did not wear masks. The detainees requested masks, but were told they were not available. The detainees asked why physical distancing (social distancing) wasn't being followed, but the sergeants did not answer the question.

21. Miguel has observed that not all Adelanto staff are wearing masks. At least one dorm at Adelanto is currently under quarantine. He has observed Adelanto guards going into a quarantined dorm wearing masks and then entering his dorm without wearing masks.

22. Miguel reports that there are hand sanitizer dispensers in the hallway, but they are empty.

23. Miguel further reports that the phones are cleaned only once a day. They are not cleaned between each detainee's use.

24. Miguel and his cellmates are responsible for cleaning their sink and toilet. They are required to request cleaning products from the guards, but cleaning products are not readily available.

25. If Miguel is released from immigration detention, he will live with his partner and children in their home in Compton, California. His partner Maria is devoted to him and cares for him deeply. Before Adelanto terminated all non-legal visits due to COVID-19, she drove to Adelanto almost every weekend to visit him. Miguel calls Maria and the kids multiple times a day. They are a very close family and very supportive of one another. If released, Miguel will be able to self-isolate at home, limit his contact with others, and engage in social distancing.

26. On March 21, 2020, I submitted a humanitarian parole request to Adelanto for Miguel. I have not yet received a response.

27. I spoke with Miguel about the responsibilities involved in being a class representative. He understands that, as a class representative, he represents the interests of everyone in the class, and not just himself. He also understands that he is responsible for staying reasonably informed about the case and providing his lawyers with any information they need to prosecute the case. Miguel is committed to being a class representative because he believes it is very important that all people who are facing the current dangerous conditions in Adelanto benefit from this case just as he does.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct. Executed this 12th day of April, 2020 in Los Angeles, California.

Ruth Calvillo

RUTH CALVILLO