1
2
3
4
5
6
7
8

# United States District Court
# Central District of California
# Western Division

11

12  KELVIN HERNANDEZ ROMAN, *et al.*,                ED CV 20-00768 TJH (PVCx)
      *etc.*,
13
                      Petitioners-Plaintiffs,                **Provisional**
14
          v.                                              **Class Certification**
15
      CHAD F. WOLF, *et al.*,                                **Order**  [5]
16
                      Respondents-Defendants.
17

18

19       The Court has considered Petitioners' motion for provisional class certification,

20  together with the moving and opposing papers.  Pursuant to the stipulation of the

21  parties, the briefing schedule for this motion was expedited.  The motion is, now, fully

22  briefed and has been submitted to the Court for decision.

23       On April 13, 2020, Petitioners and Plaintiffs Kelvin Hernandez Roman, Beatriz

24  Andrea Forero Chavez, and Miguel Aguilar Estrada ["Petitioners"], on behalf of

25  themselves and all others similarly situated, initiated this case by filing their Petition for

26  a Writ of *Habeas Corpus* and Complaint for Injunctive and Declaratory Relief.  The

27  Petition for a Writ of *Habeas Corpus* was pursuant to 28 U.S.C. § 2241 and alleged

28  Fifth Amendment substantive due process violations.  Petitioners seek a reduction in the

detainee population at the Adelanto Immigration and Customs Enforcement Processing Center ["Adelanto"] so as to allow for social distancing during the COVID-19 pandemic.

Petitioners, now, move for provisional class certification so that they can obtain class-wide preliminary injunctive relief.   In the absence of class certification, a preliminary injunction may be issued only for the named Petitioners.  *See Nat'l Ctr. for Immigrants Rights, Inc. v. INS*, 743 F.2d 1365, 1371 (9th Cir.1984).  A class *habeas* petition can be certified as a class action.  *See Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010).  Petitioners seek to define the class to include all individuals detained in civil immigration detention at Adelanto.

The Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq*. ["INA"], does not deprive the Court of jurisdiction to certify a class of noncitizens where each member of the class is, as here, an individual and not an organization.  *See Padilla v. Immigration and Customs Enf't*, 953 F.3d 1134, 1149-1151 (9th Cir. 2020).  Further, the INA does not restrict *habeas* jurisdiction for petitions that raise constitutional claims.  *See Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011).  Finally, putative class members subject to mandatory immigration detention pursuant to INA § 236(c) are not barred from obtaining *habeas* relief.  *See Singh*, 638 F.3d at 1202.

Moreover, because Petitioners, here, have asserted a claim for violations of their Fifth Amendment substantive due process rights, and those claims exceed the jurisdictional limits of the Immigration Court and the Board of Immigration Appeals, Petitioners, and the putative class members, need not first exhaust their administrative remedies.  *See Garcia-Ramirez v. Gonzales*, 423 F.3d 935, 938 (9th Cir. 2005).

**CLASS CERTIFICATION REQUIREMENTS**

To provisionally certify a class, Petitioners bear the burden of establishing all four threshold requirements of Fed. R. Civ. P. 23(a): (1) Numerosity of proposed class

members; (2) Commonality of issue of fact or law; (3) Typicality of the named representatives; and (4) Adequacy of the named representatives and class counsel to fairly and adequately pursue this action. *Rodriguez*, 591 F.3d at 1122. Petitioners, also, bear the burden of establishing at least one of the requirements of Fed. R. Civ. P. 23(b). *Parsons v. Ryan*, 754 F.3d 657, 674 (9th Cir. 2014).

## NUMEROSITY

Numerosity is established when the class is so numerous that joinder of all class members would be impracticable. Fed. R. Civ. P. 23(a)(1). According to the Government, there are, now, approximately 1,370 detainees at Adelanto. Joining 1,370 plaintiffs would be impracticable. Further, the Government does not dispute that numerosity is satisfied. Consequently, numerosity is established.

## COMMONALITY

A class has sufficient commonality "if there are questions of fact and law which are common to the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Commonality turns on whether class treatment will generate common answers apt to drive the resolution of the litigation. *Wright v. Renzenberger, Inc.*, 656 F. App'x. 835, 837 (9th Cir. 2016). Whether the class could actually prevail on the merits of its claim is not a proper inquiry in determining whether common questions exist. *Stockwell v. City and Cty. Of S.F.*, 749 F.3d 1107, 1111-1112 (9th Cir. 2014).

Petitioners and all of the putative class members are, now, civil detainees, even if some of them may have a history of criminal convictions. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). While Petitioners and the putative class members are at various stages in their respective immigration proceedings, Petitioners alleged that the conditions of their detention at Adelanto, including the inability to maintain a social

distance at all times  and at all places in light of the COVID-19 pandemic, violate their Fifth Amendment substantive due process rights.

The Government argued that Petitioners cannot establish commonality because: (1) Each putative class member is being detained under different INA statutory sections; and (2) Each putative class member's risk of contracting and ability to fight off COVID-19 is different given their respective ages and medical histories.   However, the Government's arguments are misplaced.

The specific reason *why* each Petitioner and putative class member is being detained is immaterial, here.  The issue before the Court is whether *the manner* of their detention – the conditions of their confinement – violates their Fifth Amendment substantive due process rights.  Indeed, "although a presently existing risk may ultimately result in different future harm for different [detainees] – ranging from no harm at all to death – every [detainee, here, allegedly] suffers exactly the same constitutional injury." *See Parsons*, 754 F.3d at 678.  Moreover, Fed. R. Civ. P. 23 does not mandate that every putative class member must share every fact in common. *See Rodriguez*, 591 F.3d at 1122.  Rather, "the existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Rodriguez*, 591 F.3d at 1122.

Consequently, commonality is established because the common question that will generate common answers apt to drive the resolution of this litigation is whether the putative class members' Fifth Amendment substantive due process rights are being violated. *See Wright*, 656 F. App'x. at 837.


**TYPICALITY**


Typicality is established where the named class representatives' claims are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Rodriguez*, 591 F.3d at 1124.  Where Petitioners "raise similar

1   constitutionally-based arguments and are alleged victims of the same practice,"
2   typicality is met despite the existence of slight factual differences. *Rodriguez*, 591 F.3d
3   at 1124.

4       The Government argued that Petitioners cannot establish typicality and are not
5   adequate to serve as class representatives because: (1) Petitioners seek injunctive relief
6   that would stagger the effects of the injunction such that it would be applied to only
7   some of the putative class members; and (2) Petitioners have already been released
8   pursuant to their respective temporary restraining orders.

9       Notably, the Government did not argue that Petitioners' claim differed from the
10  claim of the putative class members – just that the form of Petitioners' proposed
11  preliminary injunction would effect some putative class members differently.

12      The Government, here, placed undue emphasis on Petitioners' ***proposed***
13  preliminary injunction.  It is for the Court – not Petitioners – to fashion an appropriate
14  preliminary injunction, if the Court decides that a preliminary injunction should, indeed,
15  be issued.  *See Melendres v. Maricopa Cty.*, 897 F.3d 1217, 1221 (9th Cir. 2018).
16  Moreover, the exact form and nature of the requested class-wide preliminary injunction
17  is not a consideration for the Court, now, as it considers whether to certify the putative
18  class.  *See B.K. by next friend Tinsley v. Snyder*, 922 F.3d 957, 971-972 (9th Cir.
19  2019).  The exact form and nature of the preliminary injunction, if the Court decides
20  to issue one, will be considered at the appropriate time – when the Court considers the
21  motion for a preliminary injunction.

22      Here, Petitioners' claim and the claim of the putative class members are the same
23  – a Fifth Amendment substantive due process claim – and the remedy sought is the
24  same – a reduction in Adelanto's detainee population.

25      That Petitioners have been released pursuant to a temporary restraining order
26  does not prevent class certification or prevent them from being the class representatives.
27  *See Rodriguez*, 591 F.3d at 1124.  Indeed, Petitioners' temporary relief provided by a
28  temporary restraining order is, merely, temporary pending the issuance of a preliminary

injunction.  *See* Fed. R. Civ. P. 65(b)(2).  Thus, Petitioners' temporary release neither mooted their claim nor affected whether the class should be certified.  Moreover, the Court will define the class to include those who have been temporarily or provisionally released pursuant to an order of this Court.

Consequently, typicality is established as Petitioners' claim is typical of the class because it is reasonably coextensive with the claim of the absent class members.  *See Hanlon*, 150 F.3d at 1020.

## ADEQUACY

After reviewing the record, the Court finds that Petitioners and their attorneys are, indeed, adequate to represent the class.  The Court finds, *inter alia*, that: (1) Shared interests exist between Petitioners and the putative class members; (2) No conflicts of interest or adverse interests exist between Petitioners and the putative class members; and (3) Petitioners and their attorneys will prosecute this action vigorously.  *See Hanlon*,150 F.3d at 1020.  The Government argued that Petitioners will lack the requisite motivation to prosecute this action because they have already been released from detention.  However, the Government provides no authority that Petitioners could not remain sufficiently motivated even if they have been released, and the Court knows of no such authority.  Consequently, adequacy is established.

## TYPE OF CLASS

Petitioners seek to provisionally certify the class under Fed. R. Civ. P. 23(b)(2), arguing that the Government has acted or refused to act on grounds that apply generally to the class, such that final injunctive relief or corresponding declaratory relief is appropriate as to the class as a whole.

"It is sufficient to meet the requirements of Rule 23(b)(2) that class members

1    complain of a pattern or practice that is generally applicable to the class as a whole …
2    the fact that some class members may have suffered no injury or different injuries from
3    the challenged practice does not prevent the class from meeting the requirements of
4    Rule 23(b)(2)." *Rodriguez*, 591 F.3d at 1125.  The "key to [a Rule 23(b)(2)] class is
5    the indivisible nature of the injunctive or declaratory remedy warranted – the notion that
6    the conduct is such that it can be enjoined or declared unlawful only as to all of the class
7    members or as to none of them." *Parsons*, 754 F.3d at 687.  Accordingly, a class
8    under Fed. R. Civ. P. 23(b)(2) is appropriate when a single injunction or declaratory
9    judgment would provide relief to each member of the class.  *Parsons*, 754 F.3d at 687-
10   688.

11            The Government did not argue, here, that the Court could not fashion an
12   appropriate class-wide preliminary injunction that would provide relief to each and
13   every member of the proposed class.  Rather, the Government opposed certification
14   under Fed. R. Civ. P. 23(b)(2) on grounds that parallel its challenges to certification
15   under Fed. R. Civ. P. 23(a) – that the putative class members have different risk factors
16   and the proposed staggered injunctive relief necessitates individualized determinations.
17   However, as discussed above, the Government's opposition, here, also, lacks merit.
18   Moreover, the Court's equitable powers are broad, flexible and inherent.  *See Hutto v.*
19   *Finney*, 437 U.S. 678, 687, n. 9 (1978).  Thus, the Court possesses the requisite
20   authority to issue an appropriately fashioned preliminary, or permanent, injunction, if
21   it, later, decides that such injunctive relief is, indeed, warranted.

22            Because the class claim alleged that the putative class member's Fifth Amendment
23   substantive due process rights were violated in ways that are generally applicable to the
24   class, and because a single injunction or declaratory judgment would provide relief to
25   the entire putative class, this case can, properly, be certified under Fed. R. Civ. P.
26   23(b)(2).  *See Jennings v. Rodriguez*, 138 S. Ct. 830, 852 (2018).

27            Consequently, this case will be certified as a Fed. R. Civ. P. 23(b)(2) class
28   action.

**NO OPT OUT OPPORTUNITY AND NO NOTICE TO CLASS MEMBERS**

Finally, because a class action certified under Fed. R. Civ. P. 23(b)(2) is a mandatory class action, putative class members are not entitled to notice or an opportunity to opt out of the class. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 361-62 (2011). Consequently, the related cases of putative class members who have previously filed, or who will file, their own cases seeking *habeas* relief, injunctive relief and/or declaratory relief regarding the conditions of their confinement at Adelanto related to COVID-19 will be stayed pending resolution of this class action. In due course, the Court will issue stay orders in those related cases.

Accordingly,

It is Ordered that the motion to provisionally certify this case as a Fed. R. Civ. P. 23(b)(2) class action be, and hereby is, Granted.

It is further Ordered that the class shall be defined to include all people who:

(1)   Are currently detained in civil immigration detention at the Adelanto Immigration and Customs Enforcement Processing Center;

(2)   Were detained in civil immigration detention at the Adelanto Immigration and Customs Enforcement Processing Center at any time between March 23, 2020, and the final disposition of this case but have been transferred by BICE to another immigration detention facility, regardless of whether the other detention facility is within the Central District of California; or

(3)   Were detained in civil immigration detention at the Adelanto Immigration and Customs Enforcement Processing Center at any time between March 23, 2020, and the final disposition of this case but have been released pursuant to a temporary restraining order, a preliminary injunction, or

other temporary release order issued by this Court.

*It is further Ordered* that Petitioners be, and hereby are, *Appointed* to represent the class.

*It is further Ordered* that Ahilan Arulanantham, Jessica Karp Bansal, Michelle (Minju) Cho and Michael Kaufmann, all of the ACLU of Southern California, be, and hereby are, *Appointed* as class counsel.

*It is further Ordered* that the related cases of class members who have previously filed, or who will file, their own cases seeking *habeas* relief, injunctive relief and/or declaratory relief regarding the conditions of their confinement at Adelanto related to COVID-19 be, and hereby are, *Stayed* pending resolution of this class action. The Court will issue stay orders in those related cases.

Date: April 23, 2020

Terry J. Hatter, Jr.
*Senior United States District Judge*