# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| KELVIN HERNANDEZ ROMAN, *et al.*, | ED CV 20-00768 TJH (PVCx) |
| Petitioners-Plaintiffs, | |
| v. | Order |
| CHAD F. WOLF, *et al.*, | |
| Defendants-Respondents. | |

The Court has considered the motion of Petitioners-Plaintiffs for class-wide bail, together with the moving and opposing papers.

**The Ninth Circuit's emergency stay of the preliminary injunction did not divest this Court of jurisdiction to proceed with this case.**

During the pendency of the Government's appeal of the Court's preliminary injunction, the Court "lacks jurisdiction to modify the injunction in such manner as to 'finally adjudicate substantial rights directly involved in the appeal.'" *See A&M*

*Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1099 (9th Cir. 2002) (citations omitted). However, "[i]t is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." *See Plotkin v. Pacific Tel. and Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). A decision to consider individual bail applications from class members would not be the equivalent of a final adjudication of the preliminary injunction, nor would it be a modification of the preliminary injunction. The consideration of individual bail applications would merely be the next phase of this litigation, as it moves forward towards the scheduled trial and evidentiary hearing.

Even if, *arguendo*, the granting of bail could be construed as a modification of the preliminary injunction, this Court retains the inherent authority, and, indeed, has wide discretion, to modify its preliminary injunction in light of new facts, despite the pendency of the Government's appeal of the preliminary injunction. *See System Federation No. 91 v. Wright*, 364 U.S. 642, 647–48 (1961). Since the issuance of the preliminary injunction, four Adelanto detainees, and one Adelanto staff member, have tested positive for COVID-19.

**The Court has the authority to grant bail in *habeas* cases filed by immigration detainees.**

It is well settled that this Court has jurisdiction under 28 U.S.C. § 2241 to consider *habeas* challenges to immigration detention if the challenges are sufficiently independent of the removal order, as they are here. See *Singh v. Holder*, 638 F.3d 1196, 1211-12 (9th Cir. 2011). Moreover, the Ninth Circuit clearly held, when it transferred related cases to this Court, that this Court possessed the jurisdiction to adjudicate requests for release under § 2241. *See, e.g., Bogle v. Barr*, No. 19-72290, ECF No. 36. Consequently, this Court is not compelled to provide the historical basis for its authority to act, here.

**Petitioners-Plaintiffs have established that this is an extraordinary case and that they have a high probability of success on the merits.**

The Court has the authority to grant bail in this *habeas* case, provided that this is an extraordinary case that involves special circumstances or a high probability of success. *See Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989). While the Government argued that this disjunctive test has morphed into a conjunctive test, the Court need not resolve that issue because both prongs of the test are satisfied, here.

The Ninth Circuit has recently held that the COVID-19 pandemic is, indeed, a special circumstance that satisfies the first prong of *Land*. *United States v. Dade*,-- F.3d --, 2020 WL 2570354, at *2 (9th Cir. May 22, 2020).

Further, this Court previously determined that Petitioners-Plaintiffs have a likelihood of success on the merits. Because the likelihood of success was the threshold level needed for the issuance of the preliminary injunction, the Court did not make any findings as to Petitioners-Plaintiffs' anticipated success beyond that threshold level. Now, the Court, further, finds that Petitioners-Plaintiffs, indeed, have a high probability of success on the merits.

Consequently, bail is appropriate in this case, and the Court will proceed to make individualized bail determinations for each class member.

Accordingly

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the motion for class-wide bail be, and hereby is, 𝔊𝔯𝔞𝔫𝔱𝔢𝔡.

𝔍𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the Court will proceed to make individualized bail determinations for each class member.

𝔍𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that counsel shall meet and confer forthwith and

endeavor to reach a consensus as to the process the Court should employ to make the individualized bail determinations. If the parties cannot reach a consensus, the Court will issue an order setting forth the process it will employ.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the parties shall file a joint status report by Noon on June 18, 2020, setting forth their proposed consensus or a statement that they were unable to reach a consensus.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the Government's request for a stay be, and hereby is, 𝕯𝖊𝖓𝖎𝖊𝖉.

Date: June 17, 2020

_____
Terry J. Hatter, Jr.
Senior United States District Judge