# United States District Court
# Central District of California
# Western Division

KELVIN HERNANDEZ ROMAN, *et al.*,

Petitioners-Plaintiffs,

v.

CHAD F. WOLF, *et al.*,

Defendants-Respondents.

ED CV 20-00768 TJH (PVCx)

Order

The Court has reviewed the jointly proposed process for individualized bail determinations for class members.

The Court defined the provisionally certified the class in this case to include all people who:

1.  Are currently detained in civil immigration detention at the Adelanto Immigration and Customs Enforcement Processing Center ["Adelanto"];

2.  Were detained in civil immigration detention at Adelanto at any time between March 23, 2020, and the final disposition of this case but have been transferred … to another immigration detention facility, regardless of whether the other detention facility is within the Central District of

California; or

3. Were detained in civil immigration detention at Adelanto at any time between March 23, 2020, and the final disposition of this case but have been released pursuant to a temporary restraining order, a preliminary injunction, or other temporary release order issued by this Court.

On June 17, 2020, the Court determined that this was an extraordinary case in that it involves special circumstances and that Petitioners-Plaintiffs have a high probability of success on the merits. Consequently, the Court, further, determined that class-wide bail is appropriate, and that it would make individualized bail determinations for each class member.

After considering the parties' jointly proposed process for individualized bail determinations for each class member, the Court shall implement the following process:

**Class Member Information**

1. Respondents shall provide Petitioners' counsel with the following information for class members in a spreadsheet or comparable searchable format [hereinafter "spreadsheet information"]:

– A Number;

– Name;

– Age;

– Sex;

– Dorm;

– Medical risk factor for individuals who have been identified by the Government as a member of one or both of the subclasses certified in *Fraihat v. United States Immigration and Customs Enforcement, et al.*, ED CV 19-01546 JGB (SHKx) ["*Fraihat*"];

– Criminal convictions and sentences, if any;

– Immigration status and immigration court procedural history; and

– Amount of immigration bail, if bail has been granted.

2. When Respondents provide spreadsheet information to Petitioners' counsel, Respondents shall, also, file a copy under seal, and email the spreadsheet information in a searchable format to TJH_Chambers@cacd.uscourts.gov.

**Production of Class Member Information**

3. By June 24, 2020, Respondents shall provide spreadsheet information for 100 class members who have been identified by the Government as members of one or both of the subclasses certified in *Fraihat*.

4. By June 29, 2020, Respondents shall provide spreadsheet information for the remaining class members who have been identified by the Government as members of one or both of the subclasses certified in *Fraihat*.

5. Starting July 6, 2020, and on every Monday thereafter, until otherwise ordered by the Court, Respondents shall provide to Petitioners' counsel and the Court spreadsheet information for another 100 class members. Respondents shall use their best efforts to provide spreadsheet information, first, for class members who have been granted immigration bond, whether by the Bureau of Immigration and Customs Enforcement or an immigration judge; second, for class members who do not have a history of criminal convictions; and, third, for class members over the age of 55.

**Form A**

6. The Court approves Form A attached to the parties' Joint Status Report, subject to the addition of a question asking for the means of transportation each class member will use to travel to the location the class member will live if the class member is granted bail.

7. Respondents shall provide class members with Form A, as modified per paragraph 6, and collect them from class members on a weekly basis and provide

1    them to class counsel within 48 hours thereafter.

2    8.    Form A shall be made available to class members in English, Spanish, and all

3    additional languages that Petitioners' counsel and Respondents deem appropriate

4    after consulting with each other.

5

6    **Notice to Class Members**

7    9.    Respondents shall post in a conspicuous location in every housing unit at

8    Adelanto notices, on paper no smaller than 8½" x 11", advising class members

9    that they should complete Form A, where Form A can be obtained, where Form

10    A must be returned, and the day of the week that Form A will be collected for

11    delivery to Petitioners' counsel.  Respondents shall, also, post next to each notice

12    a copy of Form A.  The posted notices and Form A shall be written in English,

13    Spanish, and all additional languages that Petitioners' counsel and Respondents

14    deem appropriate after consulting with each other.

15

16    **Weekly Updates**

17    10.    Respondents shall provide Petitioners' counsel with weekly updates as to the

18    release of detainees from Adelanto and shall specify the reason for each release

19    (*e.g.*, for deportation, transfer to another facility, release on supervision, *etc.*).

20

21    **Bail Applications**

22    11.    The bail application for each class member shall be filed as a "joint stipulation"

23    following the general format set forth in Local Rules 37-2.1 and 37-2.2 for

24    discovery stipulations, but subject to the specific rules set forth in this order.

25    The position papers of both Petitioners' counsel and Respondents, along with any

26    relevant declarations and exhibits, shall be compiled into a single document for

27    each class member as follows:

28    A.    Each bail application shall be for a single class member, and shall be filed

as a separate docket number.

B.    Petitioners' counsel shall transmit to Respondents, via email, their briefs in support of up to 15 bail applications per business day, along with all of their declarations and exhibits to be offered in support of each respective bail application.

C.    After Petitioners' counsel has transmitted their portion of each bail application, the parties shall meet and confer to endeavor to reach an agreement as to whether the class member should be granted bail and, if so, the conditions of release.  If an agreement is reached, the bail application shall be captioned as an Unopposed Bail Application and filed with the Court.

D.    If an agreement is not reached, Respondents shall have up to 5 business days, from the receipt of each bail application, to transmit back to Petitioners' counsel, via email, their position brief, along with all of their declarations and exhibits, for each bail application.

E.    Petitioners' counsel shall, then, draft a reply brief, if any, in response to each of Respondents' position briefs within 2 business days of receiving each of Respondents' briefs.

F.    Each bail application shall be filed within 2 business days of Petitioners' counsel's receipt of Respondents' position brief.

G.    Petitioners' counsel's opening briefs and Respondents' briefs shall not exceed 5 pages.  Petitioners' counsel's reply briefs shall not exceed 2 pages.  The Court will grant exceptions to these page limits only for extraordinary circumstances.

H.    If the Court determines that additional briefing is necessary, it will issue an order requesting such briefing.

12.    Each bail application shall provide the class member's name, A number, release plan, any medical conditions that place the class member at heightened risk of

COVID-19, criminal history, immigration status, immigration court procedural status, dangerousness, flight risk, and any other information or documents Petitioners' counsel or Respondents deem appropriate for the Court's consideration.

13.    Petitioners' counsel may file up to 15 bail applications per business day.  Each day's bail applications shall be filed no later than 12:00 Noon.

14.    By 1:00 p.m. of each business day that Petitioners' counsel files one or more bail applications, including unopposed bail applications, they shall, also, file a columnar chart summarizing the bail applications filed that day with a copy of the chart, in Word or WordPerfect format, emailed to TJH_Chambers@cacd.uscourts.gov.  The summary chart may be as large as 11" x 14", may use a landscape orientation, and shall use the following format:

| Petitioner-Plaintiff | Age and Sex | Medical Risk Factors | Criminal Convictions and Sentences | Immigration Status and Immigration Court Procedural Status | Amount of Immigration Bail Granted | Transportation and Release Plan |
|---|---|---|---|---|---|---|
| Class Member's Name A Number Docket # of Bail Application | | | | | | |
| Class Member's Name A Number Docket # of Bail Application | | | | | | |

15.    Petitioners' counsel shall file bail applications under seal, without further order of the Court, if they or Respondents have good cause to protect personal identifying information, medical information, or private addresses.

16.    For each bail application, Petitioners' counsel shall have the burden to establish, by a preponderance of the evidence, that the class member will not be a flight risk, will not be a danger to public safety, has a stable location to reside while released, and will have transportation available to that stable location.  Further,

the Court will consider the risks to the class member by remaining confined at Adelanto in light of the COVID-19 pandemic.

17. If Respondents intend to request the imposition of money bail for any class member, Respondents shall meet and confer with Petitioners' counsel, before the filing of the respective bail application, to discuss whether such a request may be appropriate and how it may be made.

18. If the Court grants a bail application and orders the release of a class member, Respondents shall have 48 hours – or 72 hours if the release order is issued on a Friday – to release the class member or to inform the Court of any additional factors that might prevent the release of the class member during that period.

19. If Petitioner's counsel or Respondents, or all of them, cannot implement the process set forth in this order, they shall meet and confer in good faith in an effort to propose appropriate revisions for the Court's consideration.

IT IS SO ORDERED.

Date: June 19, 2020

Terry J. Hatter, Jr.
Senior United States District Judge