1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

10  KELVIN HERNANDEZ ROMAN,
    BEATRIZ ANDREA FORERO
11  CHAVEZ, MIGUEL AGUILAR
    ESTRADA, on behalf of themselves and
12  all others similarly situated,

13            Petitioners-Plaintiffs,

14  v.

15  CHAD F. WOLF, Acting Secretary, U.S.
    Department of Homeland Security;
16  MATTHEW T. ALBENCE, Deputy
    Director and Senior Official Performing
17  the Duties of the Director, U.S.
    Immigration and Customs Enforcement;
18  DAVID MARIN, Director of the Los
    Angeles Field Office, Enforcement and
19  Removal Operations, U.S. Immigration
    and Customs Enforcement; and JAMES
20  JANECKA, Warden, Adelanto ICE
    Processing Center,

21            Respondents-Defendants.

22

Case No. 5:20-cv-00768-TJH-PVC

**ADDENDUM TO STIPULATED PROTECTIVE ORDER**

**Hon. Pedro V. Castillo**

23
24
25
26
27
28

1.  PURPOSES AND LIMITATIONS

The Court ordered the parties to submit a Proposed Stipulated Enhanced Protective Order that addresses Respondents' concerns regarding the production of materials sufficient to show the layout, schematics, and dimensions of all parts of the Adelanto Immigration Detention Facility ("Adelanto") where detainees can be found.  *See* Order Granting Petitioners' Ex Parte Application to Compel Production of Documents (ECF No. 222).  In lieu of a stipulation, the parties separately submitted their respective proposals for an addendum ("Addendum") to the  existing Revised Stipulated Protective Order ("Protective Order") (ECF No. 122).  Having considered the parties' proposals, the Court hereby orders as follows.  The terms, definitions, and provisions of the existing Protective Order remain in full effect and shall control unless a more specific term, definition, or provision relating to the Adelanto Schematics is set forth in this Addendum.

Due to the sensitive nature of this information, no one subject to this Enhanced Protective Order shall use the Adelanto Schematics, defined below, obtained from the opposing party in this litigation in any other proceedings, including in federal or state proceedings and enforcement actions. Nothing in this Order shall prohibit parties from withholding from production or redacting any document covered by the attorney-client privilege or work product protection.

As set forth in Section 13.3 of the Protective Order, this Addendum does not entitle the parties to file the Adelanto Schematics under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.  DEFINITIONS

2.1 "Adelanto Schematics": materials sufficient to show the layout, schematics, and dimensions of all parts of the Adelanto Immigration Detention Facility ("Adelanto") where detainees can be found, which the Court ordered Respondents to produce in its Order Granting Petitioners' Ex Parte Application to

Compel Production of Documents (ECF No. 222), and any notes, depiction, description, or mental impressions thereof.

2.2 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ADELANTO SCHEMATICS."

2.3 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL—ADELANTO SCHEMATICS."

3.    DESIGNATING PROTECTED MATERIAL

3.1    Manner and Timing of Designations. Except as otherwise provided in this Addendum or the Protective Order, or as otherwise stipulated or ordered, the Adelanto Schematics that qualify for protection under this Addendum or the Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Addendum and the Protective Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "HIGHLY CONFIDENTIAL—ADELANTO SCHEMATICS" (hereinafter "HIGHLY CONFIDENTIAL—ADELANTO SCHEMATICS legend") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    If a Party initially produces documents for inspection (e.g., because of the sensitive nature of the documents, the volume of materials and to reduce unnecessary copying), in lieu of marking the original of a document which

contains Adelanto Schematics prior to such an inspection, Counsel for the Producing Party may in writing designate documents or things being produced for inspection as containing Adelanto Schematics, thereby making them subject to this Order. Any copies of such documents thereafter provided, however, must be marked by the Designating Party, if appropriate, in accordance with this Order at the time copies are formally produced. Tangible objects constituting or containing Adelanto Schematics may be designated "HIGHLY CONFIDENTIAL—ADELANTO SCHEMATICS" by affixing to the object or its container, a label or tag marked "HIGHLY CONFIDENTIAL—ADELANTO SCHEMATICS."

(c)   For Adelanto Schematics produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "HIGHLY CONFIDENTIAL—ADELANTO SCHEMATICS." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

3.2   Redactions.  The Designating Party may redact any portions of the Protected Material that do not feature the schematics of areas at Adelanto where detainees may be found.  However, the Designating Party may not redact any portions of the ventilation system, windows, doors, or any other feature through which air flows to, from, or between areas where detainees may be found.

4.   ACCESS TO AND USE OF PROTECTED MATERIAL

4.1   Disclosure of "HIGHLY CONFIDENTIAL—ADELANTO SCHEMATICS" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ADELANTO SCHEMATICS," and any notes, mental impressions, depiction, or description thereof, only to:

3

(a)     Class counsel as appointed by the Court, (ECF No. 52), including any individuals designated as Class counsel after the date of this Addendum, and the support staff of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)     Experts (as defined in the Protective Order) retained by Counsel for the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court and its personnel;

(d)     court reporters and their staff;

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f)     during their depositions, witnesses, and attorneys for witnesses, who are currently employed by U.S. Immigration and Customs Enforcement or GEO Group, Inc. or their affiliates or contractors, or who created or received the documents or other items;

(g)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

5. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ADELANTO SCHEMATICS" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Addendum or to the Protective Order. Such notification

4

shall include a copy of this Addendum and Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL—ADELANTO SCHEMATICS" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

6.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.

(a) The terms of this Addendum and the Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ADELANTO SCHEMATICS." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Addendum or the Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections, including negotiating a separate protective order with any third party, provided that all parties to this litigation are included in the negotiation of such agreement and ultimately agree to the terms of such agreement.

\\
\\
\\
\\

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.     **VIOLATION**

Any violation of this Addendum or of the Protective Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Dated: July 22, 2020

_____

HONORABLE PEDRO V. CASTILLO

UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

     I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Addendum and the Protective Order that were issued by the United States District Court for the Central District of California on _____ [date] and on June 18, 2020, respectively, in the case of *Hernandez Roman v. Wolf*, Civil Action No. 5:20-cv-00768-TJH-PVC. I agree to comply with and to be bound by all the terms of the Addendum and Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not use or disclose in any manner any information or item that is subject to the Addendum and Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of the Addendum and Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Enhanced Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

7