# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| KELVIN HERNANDEZ ROMAN, *et al.*, | ED CV 20-00768 TJH |
| Petitioners-Plaintiffs, | |
| v. | Order |
| CHAD T. WOLF, *et al.*, | |
| Respondents-Defendants. | |

The Court has considered the Petitioners'-Plaintiffs' *ex parte* application for a temporary restraining order ["TRO"] and for reconsideration of the Court's September 17, 2020, order denying the Petitioners'-Plaintiffs' previously filed *ex parte* application for a TRO [dkt # 546], together with the moving and opposing papers.

On September 16, 2020, the Petitioners-Plaintiffs filed an *ex parte* application for a TRO. That application notified the Court that there was a COVID-19 outbreak in the West 5C and West 5D housing units at Adelanto and that 36 detainees had tested positive for Covid-19. In response, the Court ordered the Government to file a status report regarding the outbreak. On September 17, 2020, after considering the status

report, which the Court construed as the Government's opposition to the application, the Court denied the application but ordered the Government to file a further status report on September 28, 2020.

The Petitioners-Plaintiffs, now, seek a TRO and reconsideration of the Court's September 17, 2020, order.

As of September 20, 2020, there were 53 detainees at Adelanto with confirmed cases of COVID-19 from an outbreak that, likely, started somewhere between September 5, 2020, and September 10, 2020. Twenty of those detainees are *Fraihat* class members with known preexisting medical conditions that put them at greater risk of complications related to COVID-19. So far, nine of the Covid-19 positive detainees, as of September 20, 2020, have required hospitalization. In addition to the 53 detainees, eight Adelanto staff members have, also, tested positive for COVID-19. The Government is in the process of testing all Adelanto detainees and staff, with testing expected to be completed early this week. It is, currently, taking at least three to five days to get test results. As more test results are received, the Court expects the number of both detainees and staff with Covid-19 positive results to continue to rise. According to the Government, Adelanto, currently, houses 748 detainees.

Both the Government's expert, Murray Owen, D.O., and the Petitioners'-Plaintiffs' expert, Todd Schneberk, M.D., agree that the outbreak was most likely caused by a staff member who reported to work at Adelanto infected with Covid-19.

The Court remains dumbfounded as to why the Government refused to implement, and, instead, appealed and sought a stay of the section of the preliminary injunction which required Adelanto's staff to wear masks whenever in housing units. The Government provided declarations from Gabriel Valdez, the Assistant Field Director of Enforcement and Removal Operations who has administrative oversight of Adelanto, though Adelanto is operated, under contract, by the GEO Group. In his declarations, Assistant Director Valdez stated that Adelanto staff always wore masks. But, he could not have been in all housing units at all times to definitively know

whether his representations were, indeed, correct. To the contrary, the Court has been presented with numerous declarations from Adelanto detainees who stated that staff did not always wear masks while in their housing units. Though we will likely never know whether all of Adelanto's staff, indeed, wore masks whenever in housing units, perhaps the contact tracing now in progress might be able to determine who was the source of the outbreak in West 5C and West 5D, and that might lead to other relevant evidence.

The Petitioners-Plaintiffs seek a TRO to require the Government to: (1) Test all detainees at Adelanto; (2) Isolate, in single occupancy cells, all detainees who have tested positive for COVID-19 and all detainees who are awaiting test results; (3) Prevent staff who worked in the West 5C and West 5D housing units from returning to work pending their COVID-19 test results, even if they are asymptomatic; (4) Suspend intake of new detainees into Adelanto; and (5) Provide daily status reports.

The Petitioners-Plaintiffs concede in their reply brief that the Government has "now done some of what Petitioners sought in their TRO applications." According to the Government, it is in the process of testing all detainees and staff, contact tracing, and quarantining the West housing units. Thus, the only relief that the Petitioners-Plaintiffs identified that the Government is not, already, addressing is the isolation protocols and the suspension of the intake of new detainees.

The Government argued that it is, already, isolating some detainees. The Government has isolated, with a limit of two detainees per cell, West 5C and West 5D detainees who have tested positive and those who are awaiting test results. The Government is treating detainees who are awaiting test results as presumptively positive. However, the Government's isolation protocol is puzzling to the Court. For example, it appears that the Government's isolation protocol allows two detainees awaiting test results, Detainee A and Detainee B, to share a cell, where Detainee A might have had COVID-19 at the time of the test but Detainee B did not. Both are treated as presumptively positive, until test results are received, but only one is actually positive at the time of testing. Because it takes, on average, at least three to five days

to get test results, Detainee B could have contracted COVID-19 or, at the very least, could been exposed to it, before the test results were received. Further, if Detainee B does contract COVID-19 during the three to five days he shares a cell with Detainee A, his negative test result would not adequately reflect his new infection, but he would be moved, nonetheless, and allowed to infect other detainees. The Court's puzzlement is even greater if the Government is permitting a detainee who tested positive to remain housed in a cell with a detainee who is awaiting test results. In both of these situations, the Petitioners-Plaintiffs are correct in that it would be a better practice for Adelanto to isolate each detainee in a single occupant cell and to not place multiple detainees in a single cell until after the Covid-19 test results have been received for all potential cell mates.

In drafting its preliminary injunction, the Court contemplated the concerns of the Petitioners-Plaintiffs and envisioned the tragic scenario that is, sadly, playing out now. The Court's preliminary injunction was crafted as an attempt to prevent cross infection in cells and housing units, to prevent an outbreak from occurring, and to limit an outbreak if one were to occur.

Because the Ninth Circuit stayed the preliminary injunction, the Court cannot, now, order the Government to isolate detainees in single occupant cells because such an order would contravene the stay. Likewise, the Court cannot, now, order the Government to suspend the intake of new detainees at Adelanto because of the Ninth Circuit's stay.

The Court does not disagree that the Government's procedures were inadequate to prevent the outbreak from occurring, and that the Government's procedures remain inadequate to contain the outbreak from spreading. However, the Court's hands have been tied by the Ninth Circuit's stay. Consequently, the Petitioners-Plaintiffs should seek emergency relief directly from the Ninth Circuit.

Accordingly,

It is Ordered that the *ex parte* application for a temporary restraining order and reconsideration of the Court's September 17, 2020, order denying a temporary restraining order be, and hereby is, Denied.

It is further Ordered that the Government shall file its further status report regarding the Covid-19 outbreak at Adelanto by 12:00 p.m. on September 25, 2020, rather than on September 28, 2020, as previously ordered.

It is further Ordered that the Government shall file a weekly status report regarding the Covid-19 outbreak at Adelanto every Monday, starting October 5, 2020.

It is further Ordered that the parties shall file with the Ninth Circuit Court of Appeals a joint status report regarding Adelanto's Covid-19 outbreak by 4:00 p.m. today, September 22, 2020.

Date: September 22, 2020

_____
Terry J. Hatter, Jr.
Senior United States District Judge