# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| KELVIN HERNANDEZ ROMAN, *et al.*, | ED CV 20-00768 TJH |
| Petitioners-Plaintiffs, | |
| v. | Order |
| CHAD T. WOLF, *et al.*, | |
| Respondents-Defendants. | |

The Court has considered the motion by the Petitioners-Plaintiffs for class certification [dkt # 319], together with the moving and opposing papers.

On April 13, 2020, Petitioners-Plaintiffs Kelvin Hernandez Roman, Beatriz Andrea Forero Chavez, and Miguel Aguilar Estrada, on behalf of themselves and all others similarly situated, initiated this action by filing their combined Petition for a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2241, and Complaint for Injunctive and Declaratory Relief. This action is based on alleged Fifth Amendment substantive due process violations at the Adelanto Immigration and Customs Enforcement Processing Center ["Adelanto"] during the COVID-19 pandemic. Also, on April 13, 2020, the Petitioners-Plainitffs moved for provisional class certification so that they could obtain class-wide preliminary injunctive relief.

To succeed on their motion to provisionally certify the class, the Petitioners-Plaintiffs had the burden to establish all four threshold requirements of Fed. R. Civ. P. 23(a): (1) Numerosity of proposed class members; (2) Commonality of issue of fact or law; (3) Typicality of the named representatives; and (4) Adequacy of the named representatives and class counsel to fairly and adequately pursue this action. *See Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010). Petitioners-Plaintiffs, also, had the burden to establish at least one of the requirements of Fed. R. Civ. P. 23(b). *See Parsons v. Ryan*, 754 F.3d 657, 674 (9th Cir. 2014).

On April 23, 2020, the Court issued an order provisionally certifying the class, finding that the Petitioners-Plaintiffs had met their burden under Fed. R. Civ. P. 23(a) and (b)(2). The Court defined the class to include all people who:

(1) Are currently detained in civil immigration detention at the Adelanto Immigration and Customs Enforcement Processing Center;

(2) Were detained in civil immigration detention at the Adelanto Immigration and Customs Enforcement Processing Center at any time between March 23, 2020, and the final disposition of this case but have been transferred by the Bureau of Immigration and Customs Enforcement to another immigration detention facility, regardless of whether the other detention facility is within the Central District of California; or

(3) Were detained in civil immigration detention at the Adelanto Immigration and Customs Enforcement Processing Center at any time between March 23, 2020, and the final disposition of this case but have been released pursuant to a temporary restraining order, a preliminary injunction, or other temporary release order issued by this Court.

After provisionally certifying the class, the Court issued a preliminary injunction. The Government, then, appealed the provisional class certification order and the preliminary injunction to the Ninth Circuit Court of Appeals. The Ninth Circuit stayed the preliminary injunction pending appeal. The appeal has been argued and is awaiting

a decision.

The Petitioners-Plainitffs, now, move to certify the class as defined by the Court in the April 23, 2020, order.

The Petitioners-Plainitffs argued that the class should be certified because the standard for class certification is the same as used by the Court to grant provisional class certification, and there have been no material changes since the Court granted provisional certification. In its opposition, the Government argued that the Petitioners-Plaintiffs improperly incorporated by reference their motion for provisional class certification and failed to raise any meaningful arguments in the instant motion. The Government's argument is form over substance – while the instant motion is, indeed, bare bones, the Petitioners-Plaintiffs properly relied on the Court's issuance of the provisional class certification order to support the instant motion. Moreover, the Petitioners-Plaintiffs' motion for provisional class certification provided a sufficient factual and legal basis to support class certification on a non-provisional basis.

The Government, further, argued the "Court should wait until the Ninth Circuit rules on [its] interlocutory appeal that challenges the exact same class that petitioners' seek to certify" before ruling on this motion. However, the Government recently argued, twice, that the Court could not issue a temporary restraining order, *inter alia*, because the Court had provisionally certified the class for the sole purpose of the preliminary injunction. The Government cannot have it both ways. This case must move forward.

Substantively, the Government argued that the class should not be certified because the Petitioners-Plaintiffs failed to establish commonality, typicality, and adequacy. Notably, the Government did not challenge the establishment of numerosity, adequacy of lead counsel, or Fed. R. Civ. P. 23(b)(2) met. The Court finds that numerosity, adequacy of lead counsel, and Fed. R. Civ. P. 23(b)(2) have, indeed, been established.

The substantive arguments raised by the Government, here, are, in essence, the

same arguments it raised in its opposition to the motion for provisional class certification – because the putative class members are detained under various, and varying, statutory authorities, and because each putative class member suffers from various risk factors, the commonality, typicality, and adequacy of the class representatives have not been established. The Court rejected those arguments in its April 23, 2020, order, and does so, again, here.

As to commonality, the specific reason *why* each class representative or putative class member is being detained is immaterial, here. The issue before the Court is whether *the manner* of their detention – the conditions of their confinement – violates their Fifth Amendment substantive due process rights. Indeed, "although a presently existing risk may ultimately result in different future harm for different [detainees] – ranging from no harm at all to death – every [detainee, here, allegedly] suffers exactly the same constitutional injury." *See Parsons*, 754 F.3d at 678. Moreover, Fed. R. Civ. P. 23 does not mandate that every putative class member must share every fact in common. *See Rodriguez*, 591 F.3d at 1122. Rather, "the existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Rodriguez*, 591 F.3d at 1122. Consequently, commonality is established because the common question that will generate common answers apt to drive the resolution of this litigation is whether the putative class members' Fifth Amendment substantive due process rights are being violated. *See Wright v. Renzenberger, Inc.*, 656 F. App'x. 835, 837 (9th Cir. 2016).

As to typicality, the class representatives' claim and the claim of the putative class members are the same – a Fifth Amendment substantive due process claim. Typicality is established where the class representatives' claim is "reasonably co-extensive with those of absent class members; [it] need not be substantially identical." *Rodriguez*, 591 F.3d at 1124. That detainees have various risk factors does not bar a finding of typicality. *See Rodriguez*, 591 F.3d at 1124. Consequently, typicality is established as the class representatives' claim is typical of the class because it is

reasonably coextensive with the claim of the absent class members.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

As to adequacy, the class representatives and the putative class members were detained under different statutory authorities, but that does not bar a finding of adequacy.  The Court finds, *inter alia*, that: (1) Shared interests exist between the class representatives and the putative class members; and (2) No conflicts of interest or adverse interests exist between the class representatives and the putative class members.  *See Hanlon*,150 F.3d at 1020.

That the class representatives have been released pursuant to a temporary restraining order does not prevent class certification or prevent them form being the class representatives.  *See Rodriguez*, 591 F.3d at 1124.  Indeed, the class representatives' temporary relief provided by a temporary restraining order is, merely, temporary.  *See* Fed. R. Civ. P.65(b)(2).  Thus, the class representatives' temporary release neither mooted their claim nor affected whether the class should be certified.  Moreover, the Court will define the class to include those who have been temporarily or provisionally released pursuant to an order of this Court.

Thus, the class should be certified.

Accordingly,

𝕴𝖙 𝖎𝖘 𝖔𝖗𝖉𝖊𝖗𝖊𝖉 that motion for class certification be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the class shall be defined to include all people who:
(1) Are currently detained in civil immigration detention at the Adelanto Immigration and Customs Enforcement Processing Center;
(2) Were detained in civil immigration detention at the Adelanto Immigration and Customs Enforcement Processing Center at any time between March 23, 2020, and the final disposition of this case but have been transferred

by Bureau of Immigration and Customs Enforcement to another immigration detention facility, regardless of whether the other detention facility is within the Central District of California; or

(3) Were detained in civil immigration detention at the Adelanto Immigration and Customs Enforcement Processing Center at any time between March 23, 2020, and the final disposition of this case but have been released pursuant to a temporary restraining order, a preliminary injunction, or other temporary release order issued by this Court.

**It is further Ordered** that Kelvin Hernandez Roman, Beatriz Andrea Forero Chavez, and Miguel Aguilar Estrada be, and hereby are, **Appointed** to be the named representatives of the class.

**It is further Ordered** that Ahilan Arulanantham, Jessica Karp Bansal, and Michael Kaufmann be, and hereby are, **Appointed** as lead class counsel.

**It is further Ordered** that Michelle (Minju) Cho, Samir Deger-Sen, Kyle Virgien, William Friedman, Charles Berdahl, Amanda Barnett, and Jessie Cammack be, and hereby are, **Appointed** as class co-counsel.

Date: September 22, 2020

_____
**Terry J. Hatter, Jr.**
**Senior United States District Judge**