1
2
3
4
5
6
7

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| 12  KELVIN HERNANDEZ ROMAN, *et al.*, | ED CV 20-00768 TJH |
| 13                 Petitioners-Plaintiffs, | |
| 14      v. | Order |
| 15  CHAD T. WOLF, *et al.*, | |
| 16                 Respondents-Defendants. | |

The Court has considered the motions by the Petitioners-Plaintiffs to enforce the preliminary injunction [dkt # 315] and the Government's motion to dismiss [dkt # 320], together with the moving and opposing papers.

On April 13, 2020, Petitioners-Plaintiffs Kelvin Hernandez Roman, Beatriz Andrea Forero Chavez, and Miguel Aguilar Estrada, on behalf of themselves and all others similarly situated, initiated this action by filing their combined Petition for a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2241, and Complaint for Injunctive and Declaratory Relief.  This action is based on alleged Fifth Amendment substantive due process violations at the Adelanto Immigration and Customs Enforcement Processing Center ["Adelanto"] during the COVID-19 pandemic.  Also, on April 13, 2020, the Petitioners-Plainitffs moved for provisional class certification so that they could obtain

1    class-wide preliminary injunctive relief.

2    After provisionally certifying the class, the Court issued a preliminary injunction,

3    order the Government to, *inter alia*, immediately put into effect the recommendations

4    and guidelines issued by the United States Centers for Disease Control and Prevention

5    ["CDC Provision"].  The Government, then, appealed the provisional class certification

6    order and the preliminary injunction to the Ninth Circuit Court of Appeals.  The Ninth

7    Circuit stayed the preliminary injunction, with the exception of the CDC Provision,

8    pending appeal.  On September 22, 2020, the Court granted Petitioners'-Plaintiffs'

9    motion to fully certify the class.

10    On September 23, 2020, the Ninth Circuit issued a Memorandum Opinion with

11    regard to the provisional class certification order and the preliminary injunction,

12    holding that, *inter alia*: (1) Petitioners-Plaintiffs "due process claims [in the Complaint

13    arose] under the Constitution and [Petitioners'-Plaintiffs'] invoked 28 U.S.C. § 1331,

14    which provides subject matter jurisdiction;" and (2) This Court did not abuse its

15    discretion by issuing a preliminary injunction.  However, given that five months had

16    passed since this Court issued its preliminary injunction and that the facts and science

17    have evolved, the Ninth Circuit vacated many of the provisions in the preliminary

18    injunction, including the CDC Provision, and remanded the matter with instructions to

19    issue an updated preliminary injunction.

20    Before the Ninth Circuit issued its Memorandum Opinion, the Petitioners-

21    Plaintiffs moved to enforce the CDC Provision, and the Government moved to dismiss

22    the Complaint.

23    Given the Ninth Circuit's September 23, 2020, Memorandum Opinion,

24    Petitioners'-Plaintiffs' motion to enforce the CDC Provision is, now, moot.

25    The Government moved to dismiss based on Fed. R. Civ. P. 12(b)(1), for lack

26    of subject matter jurisdiction, and Fed. R. Civ. P. 12(b)(6), for failure to state a claim.

27    The Government argued that Petitioners-Plaintiffs failed to state a claim in their

28    Complaint because: (1) A class had not yet been fully certified; (2) Injunctive relief is

1    not an appropriate remedy for conditions of confinement claims; and (3) The allegations

2    in the Complaint failed, as a matter of law, to allege constitutional violations.

3    Additionally, the Government argued that Petitioners-Plaintiffs failed to properly and

4    timely serve the Complaint and that it filed "this dispositive motion without waiving

5    [its] right to seek dismissal of the Complaint for failure to properly serve the summons

6    and complaint."

7         With regard to subject matter jurisdiction, the Ninth Circuit specifically held in

8    its Memorandum Opinion that this Court does, indeed, have subject matter jurisdiction.

9         Based on this Court's full certification of the class and the Ninth Circuit's

10   September 23, 2020, Memorandum Opinion, the Government's remaining arguments

11   as to its motion to dismiss are foreclosed.

12        Finally, the Government provided no authority to support its reservation of rights

13   to file in the future a Fed. R. 12(b)(4) motion to dismiss for insufficient process. *See*

14   Fed. R. Civ. P. 12(h).

15

16        Accordingly,

17

18        It is ordered that Petitioner'-Plaintiffs' motion to enforce the preliminary

19   injunction be, and hereby is, Denied as moot.

20

21        It is further Ordered that the Government's motion to dismiss be, and hereby

22   is, Denied.

23

24   Date: September 25, 2020

25

26                                              Terry J. Hatter, Jr.

27                                     Senior United States District Judge

28