# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| KELVIN HERNANDEZ ROMAN, *et al.*, | ED CV 20-00768 TJH |
| Petitioners-Plaintiffs, | |
| v. | Order |
| CHAD T. WOLF, *et al.*, | |
| Respondents-Defendants. | |

The Court has considered the motions to intervene filed by class members Salvadore Chavez Gonzalez [dkt # 359], Daniel Varela Reyes [dkt # 413], and Victor Sanchez Negron [dkt # 447] [collectively, "the Proposed Interveners"], together with the moving and opposing papers.

On June 1, 2020, the Court indicated that it would consider a classwide motion for bail, as well as motions to intervene, pursuant to Fed. R. Civ. P. 24, for the limited purpose of seeking bail, by class members who filed their own individual *habeas* petitions under other case numbers. On June 17, 2020, the Court granted the motion of Petitioners-Plaintiffs for classwide bail and requested the parties to propose a process for the Court to make individualized bail determinations for each class member. On June 25, 2020, after considering the proposed process, the Court implemented a

process for it to make individualized bail determinations.

On July 16, 2020, after approximately 45 individual bail applications were filed by Class Counsel with various deficiencies, the Court issued an order clarifying that, *inter alia*, Class Counsel may file bail applications, initially, only for those class members who: (1) Have submitted a completed Form A; (2) Are members of one of the *Fraihat* subclasses; and (3) Have appeared on one of the Respondents' spreadsheets. The Court, also, noted that it would consider an exception to those requirements only if there was an exigent situation.

The Proposed Interveners, now, move to intervene for the limited purpose of seeking bail.

The individualized bail application process, now in place, was carefully crafted to streamline a complex undertaking. The Proposed Interveners did not set forth in their motion to intervene any reason for the Court to deviate from the bail application process, now in place. Rather, counsel for Proposed Interveners may consult with Class Counsel to assist them in the drafting of bail applications for the Proposed Interveners, but Class Counsel shall observe the application priorities set by the Court.

Accordingly,

**It is ordered** that the motions to intervene be, and hereby is, **Denied**.

Date: October 20, 2020

_____
**Terry J. Hatter, Jr.**
**Senior United States District Judge**