# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| KELVIN HERNANDEZ ROMAN, *et al.*, <br> Petitioners-Plaintiffs, <br> v. <br> CHAD T. WOLF, *et al.*, <br> Respondents-Defendants. | ED CV 20-00768 TJH <br><br> **Order Appointing** <br> **Special Master** |

 The Court has considered, sua sponte, the appointment of a Special Master.

 The COVID-19 outbreak at the Adelanto Immigration and Customs Enforcement Processing Center ["Adelanto"] has been a dynamic and constantly evolving situation since it began in early September. Nevertheless, the Court has had growing concerns regarding the Government's inability to provide the Court with timely and accurate information.

 On October 15, 2020, in its Adelanto Population Reduction Order, the Court gave notice to the parties that it was contemplating the appointment of a Special Master. On October 19,20202, the Court held a telephonic status conference and hearing regarding the appointment of a Special Master.

Fed. R. Civ. P. 53(b) provides for the appointment of a Special Master in those matters where "some exceptional condition requires it." The Court is mindful of the admonition in *La Buy v. Howes Leather Co.*, 352 U.S. 249, 259 (1957), that Special Masters are to be used sparingly and only where the use of the Court's time is not justified. Numerous cases have approved the appointment of Special Masters where a party failed to comply with court orders, displayed intransigence or required close supervision. *See Hook v. State of Ariz., 120 F.3d 921, 926 (9th Cir. 1997); United States v. Suquamish Indian Tribe*, 901 F.2d 772, 774 (9th Cir.1990); *Ruiz v. Estelle*, 679 F.2d 1115, 1159-63 (5th Cir.), modified on other grounds, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983); *Gary W. v. Louisiana*, 601 F.2d 240, 244-45 (5th Cir. 1979).

The conduct of the Government, in this case, and its inability to provide the Court with the timely and accurate information that the Court requires in this case presents a clear example of an exceptional circumstance, contemplated by Rule 53, that justifies the appointment of a Special Master. *See Suquamish Indian Tribe*, 901 F.2d at 774.

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that Chief Magistrate Judge Patrick Walsh (retired) be, and hereby is, 𝔄𝔭𝔭𝔬𝔦𝔫𝔱𝔢𝔡 as the Special Master in this case. Judge Walsh's address is Signature Resolution, 633 West Fifth Street, Suite 1000, Los Angeles, California 90071. His email address is JudgeWalsh@SignatureResolution.com.

𝔍𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the Special Master shall have the authority to perform the following tasks, with broad discretion, subject to the Court's oversight:

1. Monitor and enforce the Government's compliance with the Court's Modified Preliminary Injunction, the Adelanto Population Reduction

Order, the Court's order mandating timely and accurate Daily Housing and COVID-19 Status Reports, and the Court's order mandating an accurate weekly detainee census [collectively, "the Orders"];

2. Inspect Adelanto at any time he deems appropriate;

3. Meet, remotely or in person, with the Parties and/or their counsel to receive evidence and/or to hear arguments relating to compliance with the Court's Orders;

4. Gather information and documents, by interview, by order, or otherwise, relating to compliance with the Court's Orders;

5. Review evidence and exhibits that have been filed under seal or disclosed during discovery that might be subject to a protective order, confidential or privileged;

6. Share with any party, their counsel, agent, employee or representative, any documents or information provided to, or gathered by, the Special Master, if done in furtherance of the Special Master's duties under this Order and in compliance with any applicable protective order;

7. Make findings of fact and prepare periodic Reports and Recommendations to the Court regarding the status and achievement of the goals of monitoring and substantial compliance with the Court's Orders;

8. Conduct any investigations, interviews, and site visits as the Special Master deems necessary to achieve the goals of monitoring and enforcement, or to aid in his preparation of factual findings or Reports and Recommendations;

9. Hire and retain others, including but not limited to independent experts, specialists, attorneys, law clerks, paralegals, and/or interpreters ["Aides"] to assist the Special Master in the performance of his duties; however, prior to retaining the services of an independent expert, the Special Master shall seek leave of Court;

10. Resolve any disputes that may arise between the parties regarding the implementation of the Court's Orders and this Order;

11. Preside over and facilitate mediations and/or settlement negotiations between the parties as to any issue pertaining to the implementation of the Court's Orders;

12. Issue Orders of the Special Master to facilitate the objectives of this Order; and

13. Advise and update the Court on the status of the Government's compliance, or failure to comply, with the Court's Orders.

**It is further Ordered** that any party may seek review of an order, factual finding or Report and Recommendation issued by the Special Master, pursuant to Rule Fed. R. Civ. P. 53(f), except that an objection must be filed with the Court within seven days after the Special Master issues the order, findings or Report and Recommendation.

**It is further Ordered** that the Special Master shall be permitted to engage in *ex parte* communications under the following circumstances, and shall include in his periodic Report and Recommendation to the Court a summary of all *ex parte* communications, except for *ex parte* communications with the Court, that he has had since his last Report and Recommendation:

1. The Special Master may confer *ex parte* with the Court regarding any issue arising under, or relating to, this Order; the Special Master's communications with the Court shall be privileged and not subject to discovery;

2. The Special Master, in his discretion, may engage in *ex parte* communications with any party's counsel; each party shall designate an attorney to be the Special Master's primary contact for that party and shall

        provide the Special Master with that attorney's contact information;

    3.    The Special Master may communicate *ex parte* with Class Members; and

    4.    The Special Master may communicate *ex parte* with current and former employees, agents, representatives, contractors and subcontractors of the Government, the GEO Group and Wellpath, including, but not limited to, the Respondents, any person responsible for implementing or supervising the implementation of the Court's Orders, and any person who might have information regarding the implementation of the Court's Orders.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the Government shall provide the Special Master with, if he requests, suitable private office space at Adelanto where he can conduct interviews; at the Special Master's discretion, counsel may be present during the interviews.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the Government shall provide the Special Master with contact information for any employee, agent, representative, contractor or subcontractor of the Government, the GEO Group or Wellpath that the Special Master deems necessary.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the Special Master shall recover, from the Government, his reasonable fees and necessary expenses incurred for his work in this case, as well as the reasonable fees and necessary expenses of his Aides. The Special Master shall periodically file with the Court billing statements detailing such fees and costs. If the Government does not file an objection to a billing statement within ten business days of filing, the Court shall deem the fees and costs in the billing statement to be reasonable and acceptable to the Government. Thereafter, the Government shall pay the fees and costs in a timely manner. If the Government objects to a billing statement, the Government shall file an objection to that billing statement within ten

business days, and the Court will consider the objection.

**It is further Ordered** that the parties and their counsel shall cooperate in good faith with the Special Master.

**It is further Ordered** that the Special Master shall continue to serve until further order of the Court.

**It is further Ordered** that the Court will consider motions or stipulations to modify this Order Appointing Special Master.

Date: October 20, 2020

_____
Terry J. Hatter, Jr.
Senior United States District Judge