# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| KELVIN HERNANDEZ ROMAN, et al., | ED CV 20-00768 TJH |
| Petitioners-Plaintiffs, | |
| v. | Bail Order |
| CHAD T. WOLF, et al., | [643] |
| Respondents-Defendants. | |

The Court has considered the bail application for class member Carlos Garcia Umana ["the Class Member"], together with the moving and opposing papers.

The Court finds that the Class Member has established that his case is extraordinary, involves special circumstances, and has a high probability of success. *See Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989); *United States v. Dade*,– F.3d –, 2020 WL 2570354, at *2 (9th Cir. May 22, 2020). The Court, further, finds that the Class Member has established, by a preponderance of the evidence, that he will not be a flight risk, will not be a danger to public safety, has a stable location to reside while released, and has transportation available to that stable location.

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the bail application be, and hereby is, 𝔊𝔯𝔞𝔫𝔱𝔢𝔡.

𝔍𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that Respondents shall release Carlos Garcia Umana from custody within 48 hours of his release from quarantine and/or isolation, and he shall remain released pending further order of this Court.

𝔍𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the release of this Class Member shall not count towards the daily minimum number of Adelanto detainees that must be released pursuant to the Court's Adelanto Population Reduction Order.

𝔍𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the Class Member shall comply with all of the following conditions of release:

1. The Class Member shall reside at the residence submitted to the Court in the Class Member's bail application ["the Approved Residence"].
2. The Class Member shall be transported from the Adelanto Detention Center ["Adelanto"] directly to the Approved Residence via the method, and by the person, submitted to the Court in the Class Member's bail application.
3. The Class Member shall self-quarantine at the Approved Residence for 14 days after being released from Adelanto. The Class Member shall not leave the Approved Residence during the quarantine period, except to obtain medical care, including COVID-19 testing. However, the Class Member need not stay in quarantine for the full 14 day period if he receives, after being released from Adelanto, a negative test result for COVID-19. If the Class Member exhibits any potential COVID-19-related symptoms, he shall immediately seek appropriate medical care.
4. The Class Member may not move from the Approved Residence to a different residence without first obtaining prior approval from the Court.
5. The Class Member shall obey all applicable pandemic-related shelter-in-place

orders, regulations, and protocols issued by local, state and/or federal governments.

6. The Class Member shall not possess or consume illegal drugs.

7. The Class Member shall not violate any federal, state or local law.

8. The Class Member shall not possess any firearm, destructive device, or other dangerous weapon.

9. The Class Member shall submit to location monitoring, as directed by Respondents, and shall comply with all location monitoring rules imposed by Respondents, provided that those rules are given to the Class Member in writing.

**It is further Ordered** that the Court may modify or revoke this bail order if the Class Member violates any of the above conditions of release.

**It is further Ordered** that Respondents shall not arrest or re-detain the Class Member without first obtaining an order from this Court.

**It is further Ordered** that this order does not limit Respondents' authority to remove the Class Member from the United States upon the issuance of a final order of removal.

**It is further Ordered** that Respondents shall provide the Class Member with a copy of this bail order at the time of release.

Date: October 20, 2020

_____
**Terry J. Hatter, Jr.**
**Senior United States District Judge**