# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| KELVIN HERNANDEZ ROMAN, *et al.*, <br><br> Petitioners-Plaintiffs, <br><br> v. <br><br> ALEJANDRO MAYORKAS, *et al.*, <br><br> Respondents-Defendants. | ED CV 20-00768 TJH <br><br><br> Order |

    The Court has considered proposed intervenor Geo Group, Inc.'s ["Geo Group"] motion to intervene and Petitioners-Plaintiffs' *ex parte* application for leave to file a sur-reply to the motion to intervene, together with the moving and opposing papers.

    On April 13, 2020, Petitioners-Plaintiffs filed this action, challenging the constitutionality of their conditions of confinement while detained at Adelanto in light of the COVID-19 pandemic.

    Geo Group is the owner and operator of the Adelanto Processing Center ["Adelanto"]. According to Geo Group, it "is a party to a contract with [the Government] in which [the Government] provides [Geo Group] with compensation for

the use and operation of Adelanto for immigration detainees." While Petitioners-Plaintiffs did not join Geo Group as a defendant, they did join one of its employees, Adelanto Facility Administrator James Janecka. Mr. Janecka was sued in his official capacity and identified in the complaint as Adelanto's warden. For unspecified reasons, the Government has represented Janecka since the onset of this case.

On April 14, 2020, Petitioners-Plaintiffs moved for a preliminary injunction to reduce the population of Adelanto to a level that would permit social distancing. On April 23, 2020, the Court issued its preliminary injunction. Thereafter, the Government appealed and the Ninth Circuit stayed the preliminary injunction pending the outcome of the appeal.

On September 23, 2020, the Ninth Circuit affirmed the preliminary injunction and lifted the stay, specifically noting this Court's "authority to order a reduction in population" at Adelanto. *See Hernandez Roman v. Wolf*, 829 F. App'x. 165, 171 (9th Cir. 2020).

On September 29, 2020, the Court issued its modified preliminary injunction, which ordered the Government, *inter alia*, to file a proposed detainee population reduction plan with a recommendation as to the maximum number of detainees that can be safely housed at Adelanto. In addition, both the preliminary injunction and the modified preliminary injunction prohibited the transfer of new detainees into Adelanto.

On October 15, 2020, after the parties filed their respective briefs, the Court issued its Adelanto Population Reduction Order.

On October, 20, 2020, the Court appointed a Special Master because, in part, of the inability of the Government and, to some extent, Geo Group, to provide the Court with timely and accurate information. During the pendency of this case, Adelanto experienced two COVID-19 outbreaks – most likely caused by Geo Group employees bringing the virus into the facility.

The number of detainees at Adelanto, now, has been greatly reduced such that there is ample space that allows for social distancing. Moreover, Geo Group has

endeavored to vaccinate the remaining detainees.

According to Petitioners-Plaintiffs and the Government, the parties are, currently, engaged in settlement discussions with the assistance of a Ninth Circuit mediator.

Geo Group, now, moves to intervene and to further modify the modified preliminary injunction.

As a threshold requirement, a proposed intervener bears the burden of establishing that its intervention is timely. *See United States v. Cal.*, 538 F. App'x. 759, 760 (9th Cir. 2013). "A party seeking to intervene must act as soon as [it] knows or has reason to know that his interest might be adversely affected by the outcome of the litigation." *Cal.*, 538 F. App'x. at 760. When considering the timeliness of a motion to intervene, the Court must consider: (1) The stage of the proceedings when intervention is sought; (2) Possible Prejudice to the current parties; and (3) The reason for and length of the delay. *See Cal.*, 538 F. App'x. at 760.

Here, Geo Group argued that its intervention is, now, necessary because the Government is no longer protecting its interests in that Adelanto could, now, safely increase its detainee population given the availability of vaccines and the updated guidance from, *inter alia*, the Centers for Disease Control and Prevention. According to Geo Group, "the current scope of the injunction, including its capacity limitations and ban on new transfers, impacts [Geo Group's] service and obligations and its compensation under its contract with the [Government]." Thus, the basis for Geo Group's motion is that its financial interests are tied to the number of detainees housed at Adelanto.

Adelanto's detainee population has been extensively litigated in this matter for some 15 months. Geo Group knew, or at least should have known, that its interests would be adversely affected by this case. First, Adelanto's warden, a Geo Group employee, has been a named defendant in this case since its inception and has submitted several declarations. Second, the size of Adelanto's detainee population was raised at

every critical stage in this case, including, *inter alia*: (1) Petitioners-Plaintiffs' motion for a preliminary injunction; (2) The appeal of the preliminary injunction; and (3) The Court's order requiring the parties to propose an appropriate detainee population size in advance of its Adelanto Population Reduction Order. Geo Group's failure to move to intervene at any of those critical stages makes the instant motion untimely. *See Cal.*, 538 F. App'x. at 760.

Geo Group argued that its intervention is only now necessary because its interests are no longer aligned with the Government. However, that argument is disingenuous. The interests of Geo Group and the Government with regard to Adelanto's detainee population were never fully aligned. As Geo Group conceded, "all detainee transfers into and out of [Adelanto] are dictated by [the Government], which has complete control over detainee movement between facilities." Thus, while it might be within Geo Group's interests for the Government to maximize Adelanto's detainee population, Geo Group failed to cite to any evidence that requires the Government, contractually or otherwise, to do so.

Geo Group, further, argued that the availability of COVID-19 vaccines have, now, changed the circumstances regarding Adelanto's detainee population. However, that argument is of no importance as to the timeliness of Geo Group's motion to intervene. As the Court, and the Ninth Circuit, noted, the COVID-19 risks at Adelanto have been constantly changing, but the one constant issue has been the importance of Adelanto's detainee population and its effects on detainee safety.

Finally, the parties are, currently, engaged in settlement negotiations with the assistance of a Ninth Circuit mediator. It would be prejudicial to the parties if the Court were to permit Geo Group to intervene at this juncture.

Consequently, Geo Group failed to establish that its motion to intervene was timely. *See Cal.*, 538 F. App'x. at 760.

Accordingly,

1         It is Ordered that Geo Group's motion to intervene [dkt # 1142] be, and
2  hereby is, Denied.

4         It is further Ordered that Geo Group's motion to modify the preliminary
5  injunction [dkt # 1143] be, and hereby is, Stricken.

7         It is further Ordered that the Government's *ex parte* application to file a
8  reply to Petitioners-Plaintiffs' opposition to Geo Group's motion to modify the
9  preliminary injunction [dkt # 1179] be, and hereby is, Denied as moot.

11        It is further Ordered that Petitioners-Plaintiffs' *ex parte* application for leave
12 to file a sur-reply to the motion to modify the preliminary injunction [dkt # 1188] be,
13 and hereby is, Denied as moot.

16 Date: July 7, 2021

                                              Terry J. Hatter, Jr.
                                        Senior United States District Judge